\02_A\LIAB\JJS\LLPG\211630\LYR\04108\00353

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** Joseph J. Santarone, Jr., Esquire
ID# 45723
Suite 1002, One Montgomery Plaza
Norristown, PA   19401
(610) 292-4444

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CANDACE RAY | : Civil Action No: 02-4382 |
| v. | : |
| ABINGTON TOWNSHIP, CHIEF OF POLICE WILLIAM KELLY, POLICE OFFICER NISBET, POLICE OFFICER J. KING, POLICE OFFICER BRUCE HASLAM, OFFICER MATZ, OFFICER RAWTZ, OFFICER SCHOLL, OFFICER MANN AND ABINGTON MEMORIAL HOSPITAL AND MARK SHNEA | : |

**<u>DEFENDANTS, ABINGTON TOWNSHIP, CHIEF OF POLICE WILLIAM KELLY, OFFICER SHAWN NISBET, OFFICER JEANETTE KING, POLICE OFFICER BRUCE HASLAM, OFFICER JOHN MATZ, OFFICER THOMAS RAWLS, OFFICER SCOTT SCHOLL AND OFFICER ROBERT MANN, MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12 (b)(6)</u>**

Defendants, by and through their assigned counsel, Marshall, Dennehey, Warner, Coleman & Goggin and Joseph J. Santarone, Jr., Esquire, hereby file this Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) and aver the following:

   1. Plaintiff, on or about March 18, 2003, filed an Amended Complaint against moving defendants arising out of a domestic dispute that began on July 2, 2000 and through a series of events resulting in plaintiff's arrest.  (A copy of Plaintiff's Amended Complaint is attached hereto as Exhibit "A").

2.  For the reasons more fully set forth in the Memorandum of Law, which is attached hereto and incorporated herein by reference, Plaintiff's Amended Complaint should be dismissed with prejudice.

WHEREFORE, Moving Defendants respectfully request this Honorable Court dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

        Respectfully submitted,

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN


        _____
        JOSEPH J. SANTARONE, JR., ESQUIRE
        Attorney for Moving Defendants


DATE:  _____

\02_A\LIAB\JJS\LLPG\211630\LYR\04108\00353
**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** Joseph J. Santarone, Jr., Esquire
ID# 45723
Suite 1002, One Montgomery Plaza
Norristown, PA   19401
(610) 292-4444

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CANDACE RAY | : Civil Action No:  02-4382 |
| | : |
| v. | : |
| | : |
| ABINGTON TOWNSHIP, CHIEF OF POLICE | : |
| WILLIAM KELLY, POLICE OFFICER NISBET, | : |
| POLICE OFFICER J. KING, POLICE OFFICER | : |
| BRUCE HASLAM, OFFICER MATZ, OFFICER | : |
| RAWTZ, OFFICER SCHOLL, OFFICER MANN | : |
| AND ABINGTON MEMORIAL HOSPITAL AND | : |
| MARK SHNEA | : |

## O R D E R

AND NOW, this _____ day of _____, 2002, upon consideration of Defendants, Abington Township, Chief of Police William Kelly, Lt. Bruce Haslam, Officer Shawn Nisbet, Officer Jeanette King, Officer John Matz, Officer Thomas Rawls, Officer Scott Scholl and Officer Robert Mann's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)6) and any Replies thereto, it is hereby ORDERED that moving Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) is hereby GRANTED.

                                                                                              J.

\02_A\LIAB\JJS\LLPG\211630\LYR\04108\00353

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** Joseph J. Santarone, Jr., Esquire
ID#  45723
Suite 1002, One Montgomery Plaza
Norristown, PA   19401
(610) 292-4444

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CANDACE RAY | : Civil Action No:  02-4382 |
| v. | : |
| ABINGTON TOWNSHIP, CHIEF OF POLICE WILLIAM KELLY, POLICE OFFICER NISBET, POLICE OFFICER J. KING, POLICE OFFICER BRUCE HASLAM, OFFICER MATZ, OFFICER RAWTZ, OFFICER SCHOLL, OFFICER MANN AND ABINGTON MEMORIAL HOSPITAL AND MARK SHNEA | : |

## CERTIFICATE OF SERVICE

I, Joseph J. Santarone, Jr., Esquire, do hereby certify that a true and correct copy of Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) was served upon all parties by first class mail on  the below listed date  at the following addressees:

Gregg L. Zeff, Esquire
FROST & ZEFF
Pier Five at Penn's Landing
Philadelphia, PA   19106

David R. Zaslow, Esquire
WHITE and WILLIAMS
1500 Lancaster Avenue
Paoli, PA   19301-1500

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

_____
JOSEPH J. SANTARONE, JR., ESQUIRE
Attorney for Moving Defendants

DATE:  _____

02_A\LIAB\JJS\LLPG\211630\LYR\04108\00353

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** Joseph J. Santarone, Jr., Esquire
ID# 45723
Suite 1002, One Montgomery Plaza
Norristown, PA  19401
(610) 292-4444

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CANDACE RAY | : Civil Action No:  02-4382 |
| | : |
| v. | : |
| | : |
| ABINGTON TOWNSHIP, CHIEF OF POLICE | : |
| WILLIAM KELLY, POLICE OFFICER NISBET, | : |
| POLICE OFFICER J. KING, POLICE OFFICER | : |
| BRUCE HASLAM, OFFICER MATZ, OFFICER | : |
| RAWTZ, OFFICER SCHOLL, OFFICER MANN | : |
| AND ABINGTON MEMORIAL HOSPITAL AND | : |
| MARK SHNEA | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, ABINGTON TOWNSHIP, CHIEF OF POLICE WILLIAM KELLY, OFFICER SHAWN NISBET, OFFICER JEANETTE KING, POLICE OFFICER BRUCE HASLAM, OFFICER JOHN MATZ, OFFICER THOMAS RAWLS, OFFICER SCOTT SCHOLL AND OFFICER ROBERT MANN, MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12 (b)(6)**

**I. BACKGROUND:**

Plaintiff, Candace Ray alleges that on or about July 2, 2000, the Abington Township Police were called to her house due to a domestic dispute. Plaintiff contends that she has a medical history of bipolar disorder and was having an episode on July 2, 2000. Plaintiff's fiancée was John R. Grob. Mr. Grob was arrested by Abington Police and escorted from plaintiff's home. (Plaintiff's Amended Complaint at 18-22).

Plaintiff contends that she arranged to attend her fiancée's arraignment in order to bail him out. Upon arrival at the arraignment, Ray indicated that she was told to leave this public

hearing and complied with those instructions. While exiting the location, plaintiff made a right onto Mount Vernon Road and stopped in front of the District Justice offices on Easton Road.

Plaintiff alleges that she was stopped on Mount Vernon Road by Abington Police. Defendant, Officer Nisbet approached the passenger side of plaintiff's vehicle, which apparently began to roll forward. Defendant was accidentally knocked down because plaintiff contends his head and upper body were inside of plaintiff's car window. (Id. at 29-36).

Plaintiff alleges that this incident was seen by everyone inside the District Justice offices. At this point, Abington Police Officer King ran from the Courtroom and grabbed plaintiff's left arm through the driver's side window. Plaintiff's fiancée at this time was allegedly locked inside a closet inside the Courtroom. In an attempt to subdue the situation, plaintiff alleges that defendant, King emptied an entire canister of pepper spray onto plaintiff's face. Plaintiff screamed from the pain and alleges that everyone inside the Courtroom could hear her cries for help. (Id. at 39-46).

Plaintiff was arrested and taken to the Abington Township Police Station where she alleges her request for medical attention were initially ignored. Thereafter, she was isolated and forcibly stripped naked and hosed down with water while five to six male Police Officers watched, made lewd, lascivious comments, tormented, taunted, imitated her crying, and ridiculed her. (Id. at 59).

Plaintiff alleges that she was crying hysterically and was handcuffed during the entire ordeal. All the while, defendant Officers laughed and ridiculed her. She alleges that pepper spray ran down into her vagina and severely burned her. John Grob apparently witnessed this entire ordeal. (Id. at 61-65).

Plaintiff was eventually given a paper dress and placed into a wet cell all the while continuing to cry in pain from being burned by the pepper spray and being denied her repeated requests to be taken to the hospital. Thereafter, plaintiff was taken to the Abington Memorial Hospital for treatment.

Plaintiff now brings the present lawsuit against the Abington Township defendants alleging various Federal and Constitutional Civil Rights violations along with related state law claims arising out of this ordeal.

## II. STANDARD OF REVIEW:

Federal Rule of Civil Procedure 12(b)(6) permits a Court to dismiss all or part of an action for failure to state a claim upon which relief can be granted. In ruling on a 12(b)(6) Motion, the Court must accept as true, all well pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in the Plaintiff's Complaint and must determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3rd Cir., 1996). "The Complaint will be deemed to have alleged sufficient facts if it adequately puts the defense on notice of the essential elements of the plaintiff's cause of action." Id.

Although the Court must construe the Complaint in the light most favorable to the plaintiff, it need not accept as true, legal conclusions or unwarranted factual inferences. Claims should be dismissed under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief." Id.

## III. ALLEGATIONS IN PLAINTIFF'S AMENDED COMPLAINT:

Plaintiff's Amended Complaint contains eleven Counts against defendants. Count I purports to allege a cause of action pursuant to 42 U.S.C. §1983 for violations of plaintiff's

Fourth and Fourteenth Amendment rights.  Count II alleges a Monell claim against Abington Township.  Count III alleges assault and battery.  Count IV alleges a substantive due process claim.  Count V alleges violation of plaintiff's Fourth and Fourteenth Amendment constitutional rights to be free from illegal searches and seizures.  Count VI alleges violation of plaintiff's privacy rights under the First, Fourth, Fifth, Ninth and Fourteenth Amendments.  Count VII alleges a failure to train claim against Defendants, Township of Abington and Chief of Police William Kelly.  Count VIII alleges a negligence claim against Defendants, Abington Memorial Hospital and Mark Shnea only.  Count IX alleges a false imprisonment claim against all defendants.  Count X alleges violations of the Pennsylvania Mental Health Act against all defendants.  Count XI alleges an invasion of privacy claim against Defendants, Abington Memorial Hospital and Mark Shnea only.

## IV. ARGUMENT:

### A. Count II of Plaintiff's Amended Complaint Should Be Dismissed With Prejudice

Count II of Plaintiff's Amended Complaint asserts a claim pursuant to 42 U.S.C. §1983 for violation of plaintiff's Civil Rights.  Specifically, plaintiff alleges a violation of her rights by Abington Township.

The United States Supreme Court in Monell v. Department of Social Services, 436 U.S. 658 (1978), held that a civil rights Complaint against a municipality or its agency must allege (1) the existence of a custom or policy of the municipality which is of such longstanding to have the force of law; and (2) that one of the municipality's employees violated the plaintiff's civil rights while acting pursuant to this custom or policy.  (Id. at 691-695).

Municipalities do not cause constitutional deviations merely by hiring alleged tort feasors.  Rather, the complaint of injury must be causally linked to a custom or policy of the

municipality pursuant to which an employee was acting. Beck v. City of Pittsburgh, 89 F.3d 966, 972 (3rd Cir. 1996). Initially, if the Plaintiffs have suffered no constitutional injury at the hands of a municipal employee, then Plaintiffs cannot impose liability upon Abington Township. Without individual wrongdoing, there can be no municipal liability against the township. City of Los Angeles v. Heller, 475 U.S. 796 (1986).

A municipality cannot be held liable in a §1983 claim for its employees actions on the basis of respondeat superior. Monell, 436 U.S. at 658. A municipality can be held liable under §1983 only if plaintiff shows that the actions which violated his civil rights implemented a policy, ordinance or custom of the local government or were committed by an official high enough in the government so that his actions can fairly be said to represent a government decision. Id. at 694.

Plaintiff must allege that the government unit itself supported a violation of Plaintiff's constitutional rights. Bielevich v. Dubinon, 915 F.2d 845, 850 (3rd Cir. 1990).

Abington Township Police Department does not possess any policy or practice which authorizes or condones the violation of constitutional rights by its police officials. Moreover, Plaintiff has failed to allege any particular policy or practice which condones the violation of constitutional rights or a policy or practice that was violated by an official of the Abington Township Police Department.

The inadequacy of police training as alleged in Counts II and III of Plaintiff's Amended Complaint may serve as a basis for §1983 liability only "where the failure to train amounts to deliberate indifference to the rights of a person with whom the police come into contact". Canton v. Harris, 489 U.S. 378, 389 (1989). "Only where a municipality's failure to train its employees in relevant respects evidences a deliberate indifference to the rights of its inhabitants

may such a shortcoming be properly thought of as a policy or custom that is actionable under §1983."  The Supreme Court continued, "Deliberate indifference can be shown where the need for more or different training is so obvious, and the inadequacy is so likely to result in the violation of constitutional rights, that the policy maker can reasonably be said to have been deliberately indifferent to the need".  Id. at 390.

Plaintiff must allege that deliberate indifference caused the constitutional violations complained of in his Amended Complaint.  As explained above, however, if no constitutional deprivation occurred, then Plaintiff cannot support a claim against Abington Township based upon a failure to train theory.  Plaintiff's Amended Complaint provides no basis to support a finding or allegation of defective training, sanctioning, or acquiescence and/or condoning by Abington Township officials, or a causal connection between the alleged deficiency and Plaintiff's alleged injuries.  Plaintiff has failed to properly allege and also failed to provide evidence that the township or its police officials acted with deliberate indifference.  Plaintiff cannot show that Abington Township police officials acted with deliberate indifference with respect to the adequacy of its training program or its policy or practices for its police officers.

Accordingly, Plaintiff's claims regarding constitutional violations of her rights pursuant to §1983 should be dismissed with prejudice.

### B. Moving Defendants Are Entitled to Qualified Immunity

Moving Defendants are entitled to qualified immunity.  The United States Supreme Court has stated that qualified immunity serves to "insulate governmental officials from liability for assumable damages when the discretionary conduct of that official does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The standard for applying qualified immunity is

an objective one. The Supreme Court has instructed that the inquiry must focus on the "objective reasonableness of an official's conduct as measured by reference to clearly established law." Id.

The Court has further explained that "the contours of the right must be sufficiently clear that a reasonable official would understand what he is doing violates that right. This is not to say an official action is protected by qualified immunity unless the very action in question has been declared unlawful, but it is to say that the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635 (1982).

Qualified immunity is an immunity from suit, and not a mere defense to liability. As a general rule, the issue whether an official is entitled to qualified immunity should be determined prior to trial, as the purpose of qualified immunity is to protect officials and public employees from undergoing the burdens of litigation. Mitchell v. Forsythe, 472 U.S. 511 (1985).

In Hunter v. Bryant, 112 S.Ct. 534 (1991), the Supreme Court recognized that "the qualified immunity standard gives ample room for mistakes of judgment in protecting all but the plainly incompetent or those who knowingly violate the law. This accommodation for reasonable error exists because officials should not err always on the side of caution because they fear being sued." Id. at 137. As set forth above, the question whether an official is entitled to qualified immunity is not limited solely to determining whether the official violated clearly established law. The United States Supreme Court has repeatedly instructed that an official can be entitled to qualified immunity if that official violated clearly established law, but that the violation was "objectively reasonable" based upon the information in his possession at the time of the conduct of which Plaintiff's complained.

In the present case, Moving Defendants contend that the actions and conduct taken by moving Defendants concerning the arrest of Plaintiff were lawful and proper at all times and under all circumstances. There has been no violation of clearly established law in any of the events which form the basis of this lawsuit.

Moving Defendants, therefore, are entitled to qualified immunity as a matter of law and all of Plaintiff's claims against moving Defendants should be dismissed with prejudice.

### C. Count IV of Plaintiff's Amended Complaint Should Be Dismissed With Prejudice

Count IV of Plaintiff's Amended Complaint alleges violation of plaintiff's substantive due process rights as a result of her arrest and detention by the Abington Township defendants, as well as her allegations of excessive force. Plaintiff brings this particular Count under the Fourteenth Amendment. However, "the Supreme Court has instructed that all claims that law enforcement officers have used excessive force in the course of an arrest or seizure of a free citizen, should be analyzed under the Fourth Amendment and its reasonableness standard, rather than under a substantive due process approach. Mellott v. Heemer, 161 F.3d 117, 121 (3rd Cir., 1988) (quoting Graham v. Conner, 490 U.S. 386, 395 (1989).

Accordingly, Count IV of Plaintiff's Amended Complaint should be dismissed with prejudice.

### D. Count VI of Plaintiff's Amended Complaint Should Be Dismissed With Prejudice

Count VI of Plaintiff's Amended Complaint alleges violations of plaintiff's constitutional right to privacy under the First, Fourth, Fifth, Ninth and Fourteenth Amendments.

### First Amendment:

Courts have recognized a right to privacy under the First Amendment, but it is almost exclusively within the context of the freedom of the press concerning disclosure of a reporter's sources or right to public or broadcast news without prior restraint.

Wolfson v. Lewis, 924 F. Supp. 1413 (E.D., Pa. 1996)

That is certainly not the case in Plaintiff's Complaint and any right to privacy as alleged in Plaintiff's Complaint more properly would fall under a Fourth or Fourteenth Amendment analysis.

### Fifth Amendment:

There is no right to privacy under the Fifth Amendment. The Fifth Amendment applies to the federal government denying a person due process of the law.

Local 1498 v. AFL/CIO, 522 F.2d 486, 492 (3rd Cir., 1975).

Moving Defendants are state actors. Accordingly, Plaintiff's Fifth Amendment claim to right to privacy should be dismissed with prejudice.

### Ninth Amendment:

The Ninth Amendment provides that "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

While the Ninth Amendment has been held to protect a fundamental right of privacy, that right was found to exist in the shadows of the penumberas of the Bill of Rights. Griswold v. Connecticut, 381 U.S. 479 (1965). Scrutinizing the Complaint closely, it is hard to point to any facts as alleged by plaintiff, which would enable this Court to perceive a violation of any potential Ninth Amendment right. At least one Circuit Court has observed that the Ninth

Amendment has never been recognized as an independent source of Federal Constitutional rights. Strandberg v. City of Helena, 701 F.2d 744, 748 (9th Cir., 1986). Accordingly, plaintiff's cause of action under the Ninth Amendment should be dismissed with prejudice.

**Fourteenth Amendment:**

> The constitutional right to privacy is found in the Fourteenth Amendment's "concept of ordered liberty."

Whalen v. Roe, 429 U.S. 589 (1977).

This right extends to an individual's interest in avoiding disclosure of personal matters and the interest and independence in making certain kinds of important decisions. Id. This element is certainly not part of Plaintiff's Amended Complaint and plaintiff has failed to allege any facts which would support a right to privacy under the Fourteenth Amendment. Accordingly, plaintiff's right to privacy under the Fourteenth Amendment should be dismissed with prejudice.

**Fourth Amendment:**

> The prescription against unreasonable searches and seizures in the Fourth Amendment of the United States Constitution is enforceable against the states through the Fourteenth Amendment.

Ker v. State of California, 374 U.S. 23 (1963).

Prisoners do not have a right to privacy in their cells. Therefore, the Fourth Amendment does not apply to cell searches. Hudson v. Palmer, 468 U.S. 517 (1984). While some Courts have held that prisoners still retain a limited right to body privacy, Courts have found that plaintiff must allege with specificity a specific prison regulation that is reasonable or not related to the law enforcement's right to legitimate penological interest. Williams v. Price, 25 F. Supp. 2d 605, 609-611 (W.D., Pa. 1997). Plaintiff has no right to privacy while in her jail cell and

moreover, plaintiff has failed to set forth specific facts indicating that the allegations in her Complaint address in any way the legitimate penological interest of the Moving Defendants.

Accordingly, moving defendants respectfully request that this Honorable Court dismiss plaintiff's right to privacy cause of action pursuant to the Fourth Amendment with prejudice.

### E. Count VII of Plaintiff's Amended Complaint Should be Dismissed With Prejudice

Count VII of Plaintiff's Amended Complaint alleges violations against Defendants, Chief William Kelly and Abington Township for failure to properly train police. Moving Defendants incorporate by reference their argument with regard to Count II of Plaintiff's Amended Complaint and the requirements set forth for a Monell claim.

Accordingly, Moving Defendants respectfully request that this Honorable Court dismiss Count VII of Plaintiff's Amended Complaint with prejudice.

### F. Count IX and X of Plaintiff's Amended Complaint Should Be Dismissed With Prejudice

Count IX of Plaintiff's Amended Complaint alleges a claim of false imprisonment against all defendants.  Count X of Plaintiff's Amended Complaint alleges a violation of Pennsylvania Mental Health Act against all defendants.

Plaintiff's state law claims, however, should be dismissed as they are barred by immunity provisions set forth in the Pennsylvania Political Subdivision Torts Claim Act.  These claims are premised on supplemental jurisdiction pursuant to 28 U.S.C. §1367.

Since there are no federal questions against Defendants, this Court lacks subject matter jurisdiction over Count IX and X of Plaintiff's Amended Complaint.  In accordance with 28 U.S.C. §1367 (c)(3) Count IX and X of Plaintiffs' Amended Complaint against Defendants should be dismissed.

Even if this Court were to conclude that certain federal questions still survived in Plaintiffs' Amended Complaint, Plaintiffs' state law claims against the Township should be dismissed under the Pennsylvania Tort Claims Act.

The Tort Claims Act grants a local agency and its employees absolute immunity. Section 8541 provides:

> Except as otherwise provided in this subchapter, the local agency shall be liable for any damages on account of any injury to a person or property caused by any act of a local agency or an employee thereof or any other person.

Id.

As a local agency, Township of Abington and its employees are immune from liability unless a cause of action satisfying the requirements of § 8542 can be established.

Under § 8542, liability may be imposed, only, "if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b)." The claim alleged must first be cognizable "under common law or a statute creating a cause of action if the injury were caused by a person not having an available defense" of immunity and, in addition, if "the injury was caused by the negligent act of the local agency or employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b)." That subsection sets forth eight acts by a local agency or its employees which may subject the agency to liability. Id.

Plaintiff must show that the cause of action fits within one of § 8542(b)'s exceptions to immunity. Rhoads v. Lancaster Parking Authority, 520 A.2d 122, 130 (Pa. Cmwl. 1987).

The eight exceptions to the Tort Claims Act are narrowly construed, because of the legislature's clear intents to prefer immunity for local agency parties. Mascaro v. Youth Study Center, 523 A.2d 1118 (Pa. 1987).

The Tort Claims Act grants immunity to municipal defendants based upon intentional conduct. The Tort Claims Act, therefore, shields municipalities such as Township of Abington from state law intentional torts such as malicious prosecution, false imprisonment and assault and battery. Petula v. Mellody, 631 A.2d 762, 765 (Pa. Commw. 1993); Parsons v. Philadelphia Office of Drug and Alcohol Abuse, 833 F. Supp. 1108, 1118 (E.D. Pa. 1993).

Plaintiff's state law claims based upon the intentional conduct of the individual police officers which are asserted against Township of Abington should be dismissed with prejudice as the Tort Claims Act shields Township of Abington from liability for the intentional conduct of its employees.

Accordingly, Count IX and X of Plaintiff's Amended Complaint should be dismissed with prejudice.

WHEREFORE, moving Defendants, respectfully request that this Honorable Court grant moving Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss Plaintiff's Amended Complaint with prejudice.

                                        MARSHALL, DENNEHEY, WARNER,
                                        COLEMAN & GOGGIN

                                        _____
                                        JOSEPH J. SANTARONE, JR., ESQUIRE
                                        Attorney for Moving Defendants

DATE: _____