**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
BY:  Joseph J. Santarone, Jr., Esquire
ID#   45723
Suite 1002, One Montgomery Plaza
Norristown, PA    19401
(610) 292-4444

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CANDACE RAY | : | Civil Action No:  02-4382 |
| | : | |
| v. | : | |
| | : | |
| ABINGTON TOWNSHIP, CHIEF OF POLICE | : | |
| WILLIAM KELLY, POLICE OFFICER NISBET, | : | |
| POLICE OFFICER J. KING, POLICE OFFICER | : | |
| BRUCE HASLAM, OFFICER MATZ, OFFICER | : | |
| RAWTZ, OFFICER SCHOLL, OFFICER MANN | : | |
| AND ABINGTON MEMORIAL HOSPITAL AND | : | |
| MARK SHNEA | : | |

### ANSWER AND AFFIRMATIVE DEFENSES OF ABINGTON TOWNSHIP DEFENDANTS TO THE PLAINTIFF'S COMPLAINT

1. Denied that plaintiff has stated a cause of action.

2. It is admitted that the Court has jurisdiction.

3. It is admitted the venue was proper.

4. Denied that plaintiff has a valid claim.

**PARTIES:**

5. It is admitted only that plaintiff has an extensive psychiatric history.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Denied. It is unknown who Officer Hatz is.

12. Denied. It is unknown who Officer Rawtz is. It is believed that the plaintiff is trying to refer to Officer Thomas Rawls.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. It is unknown to responding defendants what plaintiff's mental state was at the time that they arrived. She was very upset and did have physical injury.

20. Unknown to responding defendants.

21. Denied.

22. Denied. In addition, there was evidence of physical abuse which Police Officers in Pennsylvania are not permitted to ignore.

23. Unknown to responding defendants.

24. Unknown to responding defendants.

25. Denied. Plaintiff arrived at the Arraignment and was disruptive.

26. Admitted that she was told to leave the Arraignment.

27. Denied as stated. She had to be told by the police to leave. The plaintiff did leave, but did return.

28. Denied as stated. Plaintiff left the premises and then returned.

29. Admitted that she was stopped in front of the District Magistrate Building after she had been told to leave the area and the hearing was brought to a stop.

30. It is admitted that she was directly in front of the District Magistrate Building to the point where she could see in the windows.

31. Denied as stated in that it implies that plaintiff did not return to the scene, which she clearly did.

32. Unknown as to exactly what her "intent" was. There appears to be a contradiction of Plaintiff's Complaint since she indicates that she inadvertently drove the wrong way, but in this paragraph, admits that her intent was to be at the hearing.

33. Unknown to whom plaintiff was talking. There was a CB radio in the car.

34. Denied as stated. The plaintiff was approached after she returned contrary to previous instructions.

35. Denied as stated. Plaintiff's car did move forward.

36. Denied as to accidental.

37. Admitted that Officer Nesbitt did not receive medical attention.

38. Denied as stated. Officer Nesbitt attempted to grab the keys in order for his own protection.

39. It is admitted that it was seen by Magistrate Price and the Police Officers.

40. Denied. Unknown as to whether Grob is plaintiff's "fiancee." He was placed in a cell room.

41. Denied as stated. Officer King came to the aid of Officer Nesbitt.

42. Denied as stated. Plaintiff, Ray was out of control at this time.

43. Denied as stated. There was a discussion as to whether O.C. Spray should be used to try to get control of the plaintiff.

44. Denied as stated other than it was agreed that Officer King would use O.C. Spray in an attempt to gain control of the situation.

45. Denied as stated. Officer King did use O.C. Spray, the effect of which was on Officer Nesbitt as much as the plaintiff.

46. Denied.

47. Denied.

48. It is admitted that there was pepper spray in plaintiff, Ray's hair. It is unknown whether it was "saturated."

49. It is admitted that other police cars responded to the scene.

50. Denied as to "unidentified Lieutenants."

51. Unknown to responding defendants.

52. Denied.

53. Admitted.

54. Denied.

55. Denied. Plaintiff had no reason to be in "eminent fear of her safety" since she is the one who brought on the incident.

56. Denied.

57. Denied.

58. It is admitted that she was brought to an area between the cells.

59. Denied.

60. Denied in its context.  Plaintiff was placed in a cell room and out of the presence of any male officers was given a paper dress to put on.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied as stated.  Plaintiff, while in the cell, was given a paper dress.  Any wetness in the cell was from the sink.

67. Denied.

68. Denied as to "six hours later."  Plaintiff was transported later to Abington Hospital by ambulance.

69. Unknown to responding defendants what medication she was given.

70. Unknown to responding defendants as to exactly what Mark Shnea's role is "to do an evaluation," however, Shnea was at Abington Hospital.

71. Denied.

72. Denied.

73. Denied.

74. Denied as to the term "as a result…"  Plaintiff was placed in a four point restraint due to her own behavior.

75. Denied.

76. Admitted only that paperwork was completed and that transportation was arranged to Building 50 where it was confirmed that such a mental health evaluation was necessary.

77. Denied.

78. It is believed that Michael Johns is a Public Defender.

79. Unknown to responding defendants.

80. Unknown to responding defendants what Michael Johns told plaintiff.

81. Denied as stated. It was understood that plaintiff was going to Building 50 for an evaluation and after that would be brought to answer to criminal charges.

82. Denied.

83. Denied.

84. Unknown to responding defendants.

85. Admitted.

86. Denied.

87. Denied.

88. Denied.

89. Denied as stated. While at Abington Police Station on July 7, 2000, plaintiff again made a "suicide gesture."

90. Admitted.

91. Admitted.

92. Unknown to responding defendants.

93. Unknown to responding defendants.

94. Unknown to responding defendants.

95. Unknown to responding defendants.

96. Denied. To the contrary, plaintiff returned a number of times to the Abington Police Station for reasons unrelated.

97. Denied.

## COUNT I

98. Responding defendants incorporate herein by reference their answers to paragraphs 1 through 97 to the Plaintiff's Complaint as if same were fully set forth herein at length.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

## COUNT II

103. Responding defendants incorporate their answers to paragraphs 1 through 102 of the Plaintiff's Complaint as if same were fully set forth herein at length.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

## COUNT III

111. Responding defendants incorporate herein by reference their answers to paragraphs 1 through 110 as if same were fully set forth herein at length.

112. Denied.

## COUNT IV

113. Responding defendants incorporate herein by reference their answers to paragraphs 1 through 112 as if same were fully set forth herein at length.

114. Denied.

## COUNT V

115. Responding defendants incorporate herein by reference their answers to paragraphs 1 through 114 of Plaintiff's Complaint as if same were fully set forth herein at length.

116. Denied.

## COUNT VI

117. Responding defendants incorporate herein by reference their answers to paragraphs 1 through 116 of Plaintiff's Complaint as if same were fully set forth herein at length.

118. Denied.

## COUNT VII

119. Responding defendants incorporate herein by reference their answers to paragraphs 1 through 118 of Plaintiff's Complaint as if same were fully set forth herein at length.

120. Denied.

## COUNT VIII

121. Responding defendants incorporate herein by reference their answers to paragraphs 1 through 120 of Plaintiff's Complaint as if same were fully set forth herein at length.

122-127. The averments contained in paragraphs 122 through 127 of Plaintiff's Complaint are directed to other than responding defendants.

## COUNT IX

128. Responding defendants incorporate herein by reference their answers to paragraphs 1 through 127 of the Plaintiff's Complaint as if same were fully set forth herein at length.

129. Denied.

## COUNT X

130. Responding defendants incorporate herein by reference their answers to paragraphs 1 through 129 of the Plaintiff's Complaint as if same were fully set forth herein at length.

131. Denied.

## COUNT XI

132. Responding defendants incorporate herein by reference their answers to paragraphs 1 through 131 of the Plaintiff's Complaint as if same were fully set forth herein at length.

133. The averments of paragraph 133 are directed to other than responding defendants.

## AFFIRMATIVE DEFENSES

1. To the extent that plaintiff's claims are barred and/or limited to the applicable statute of limitations, defendants claim same.

2. Plaintiff has failed to state a cause of action upon which relief can be granted.

3. Defendants, individual Police Officers, assert the defense of qualified immunity as articulated in Harlow v. Fitzgerald, 457 U.S. 800 (1982) and subsequent cases.

4. Each individual defendant further asserts that he is immune from the imposition of damages premised upon negligent conduct as that term has been defined in Davidson v. Cannon, 106 S.Ct. 668 (1986) and Daniels v. Williams, 106 S.Ct. 662 (1986).

5. Each individual defendant further asserts that qualified immunity is a right not to go to trial as set forth in Mitchell v. Forsythe, 472 U.S. 511 (1985).

6. Defendant, Abington Township further asserts that its own immunity arises to a level of a right not to go to trial.

7. Answering defendants assert that at all times material to the Plaintiff's Complaint, plaintiff was afforded all rights and privileges to which she was entitled under the Constitution and its laws.

8. Plaintiff is estopped from asserting that her 302 commitment was invalid.

9. Answering defendants assert that the plaintiff's counsel has failed to conduct a reasonable investigation and has asserted a claim or allegations without factual or legal foundation as a consequence, defendants are entitled to §1983 for costs and counsel fees or by way of Rule 11 attorney's fees from counsel for plaintiff.

10. Plaintiff's pending state claims are barred in whole or in part by (c) of Chapter 85, 42 Pa. C.S.A. §8541 et seq., which is incorporated herein by reference.

11. To the extent that a Police Officer's individual decision or judgment is protected pursuant to the Mental Health Procedures Act or case law, the defendants claim same. Uram v. County of Allegheny, 567 A.2d 753 (Pa. Commw. 1989).

12. Plaintiff's injuries, if any, are caused by her own mental condition, her own criminal acts, her own willful misconduct and negligence, and not in any way by the actions of responding defendants.

13. To the extent that plaintiff is entitled to the protection of the Pennsylvania Mental Health Act, defendants claim same.

WHEREFORE, Defendants demand that the Plaintiff's Complaint be dismissed together with costs and counsel fees.

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN


        _____
        JOSEPH J. SANTARONE, JR., ESQUIRE
        Attorney for Abington Defendants

DATE: <u>July 10, 2003</u>

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
BY:  Joseph J. Santarone, Jr., Esquire
ID#   45723
Suite 1002, One Montgomery Plaza
Norristown, PA   19401
(610) 292-4444

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CANDACE RAY | : Civil Action No:  02-4382 |
| | : |
| v. | : |
| | : |
| ABINGTON TOWNSHIP, CHIEF OF POLICE | : |
| WILLIAM KELLY, POLICE OFFICER NISBET, | : |
| POLICE OFFICER J. KING, POLICE OFFICER | : |
| BRUCE HASLAM, OFFICER MATZ, OFFICER | : |
| RAWTZ, OFFICER SCHOLL, OFFICER MANN | : |
| AND ABINGTON MEMORIAL HOSPITAL AND | : |
| MARK SHNEA | : |

### CERTIFICATE OF SERVICE

I, Joseph J. Santarone, Jr., Esquire, do hereby certify that a true and correct copy of Defendants' Answer to Plaintiff's Complaint with Affirmative Defenses, was served upon all parties by first class mail on  July 10, 2003 at the following addressees:

Gregg L. Zeff, Esquire
FROST & ZEFF
7 North Columbus Boulevard
Pier Five at Penn's Landing
Philadelphia, PA   19106-1492

David R. Zaslow, Esquire
WHITE & WILLIAMS
1500 Lancaster Avenue
Paoli, PA   19301-1500

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

_____
JOSEPH J. SANTARONE, JR., ESQUIRE
Attorney for Abington Defendants

DATE:   July 10, 2003