IN THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CANDACE RAY : | CIVIL ACTION NO. 02-CV-4382 |
| 1350 High Avenue : | |
| Roslyn, PA 19001 : | |
| : | |
| v. : | |
| : | |
| ABINGTON TOWNSHIP : | |
| 1176 Old York Road : | |
| Abington, PA 19001 : | |
|      and : | |
| CHIEF OF POLICE WILLIAM KELLY : | |
| 1116 Old York Road : | |
| Abington, PA 19001 : | |
|      and : | |
| POLICE OFFICER NISBET, S. : | |
| Badge No: 2933 : | |
| 1116 Old York Road : | |
| Abington, PA 19001 : | |
|      and : | |
| POLICE OFFICER J. KING : | |
| Badge No: 2530 : | |
| 1116 Old York Road : | |
| Abington, PA 19001 : | |
|      and : | |
| POLICE OFFICER BRUCE HASLAM : | |
| 1116 Old York Road : | |
| Abington, PA 19001 : | |
|      and : | |
| POLICE OFFICER MATZ : | |
| 1116 Old York Road : | |
| Abington, PA 19001 : | |
|      and : | |
| POLICE OFFICER RAWTZ : | |
| 1116 Old York Road : | |
| Abington, PA 19001 : | |
|      and : | |
| POLICE OFFICER SCHOLL : | |
| 1116 Old York Road : | |
| Abington, PA 19001 : | |
|      and : | |
| (defendants continued) : | |
| POLICE OFFICER MANN : | |

| | |
|---|---|
| 1116 Old York Road | : |
| Abington, PA 19001 | : |
| and | : |
| ABINGTON MEMORIAL HOSPITAL | : |
| 3941 Commerce Avenue | : |
| Willow Grove, PA 19090 | : |
| and | : |
| MARK SHNEA | : |
| 3941 Commerce Avenue | : |
| Willow Grove, PA 19090 | : |

**DEFENDANTS, ABINGTON MEMORIAL HOSPITAL AND
MARK SCHNEE'S,
<u>MOTION FOR SUMMARY JUDGMENT</u>**

AND NOW, defendants, Mark Schnee and Abington Memorial Hospital, hereinafter, "Moving Defendants," by and through their attorneys, White and Williams LLP, hereby move this Court for an Order granting Summary Judgment on their behalf. In support of their Motion, the moving defendants aver the following:

1. Plaintiff, Candace Ray, filed the instant lawsuit making a number of claims based on federal and state law.

2. Plaintiff has set forth the following Counts and claims in her Amended Complaint.

| | |
|---|---|
| Count I: | Civil Rights Violations v. Chief of Police William Kelly, Police Officer S. Nisbet, Police Officer J. King, Police Officer Bruce Haslam, Police Officer Matz, Police Officer Rawtz, Police Officer Scholl and Police Officer Mann |
| Count II: | Civil Rights Violations v. Township of Abington |
| Count III: | Assault and Battery v. All Defendants |
| Count IV: | Violation of Substantive Due Process Rights v. Police Officers and Township of Abington |

|        |        |
|--------|--------|
| Count V: | Violation of Civil Rights v. Police Officers and Township of Abington |
| Count VI: | Violation of Privacy v. Police Officers and Township of Abington |
| Count VII: | Failure to Train v. Chief of Police of Abington |
| Count VIII: | Negligence v. Abington Memorial Hospital and Mark Schnee |
| Count IX: | False Imprisonment v. All Defendants |
| Count X: | Violation of Pennsylvania Mental Health Act v. All Defendants |
| Count XI: | Invasion of Privacy v. Abington Memorial Hospital and Mark Schnee |

3.  Plaintiff's federal law claims in Counts I, II, IV, V, VI and VII are not directed at the Moving Defendants.

4.  Plaintiff has only alleged state law claims in Counts III, VIII, IX, X and XI against the Moving Defendants.

**FACTUAL ALLEGATIONS**

5.  The Plaintiff, Candace Ray, suffers from psychiatric ailments, including Bipolar Disorder. (See attached medical records attached hereto, numbered by defense counsel, as Exhibit "A") (Exhibit "A" pg 1, 3, 4, and 6).

6.  The Plaintiff, Candace Ray, was arrested by the Abington Police on July 2, 2000 after disrupting a District Court hearing and refusing to leave the Court's premises as directed by Abington Police Officers. (See deposition testimony of Officer Shawn Nisbet attached hereto as Exhibit "B;" See deposition testimony of Officer Jeanette King attached hereto as Exhibit "C"). (Exhibit "B" N.T. 45 - 49, 55 -58, 71-73; Exhibit "C" N.T. 20- 26).

7.    At the Abington Police Station, Police Officers observed Plaintiff attempt to commit suicide in her cell. (See deposition testimony of Mark Schnee attached hereto as Exhibit "D"). (Exhibit "C" N.T. 80 - 89; Exhibit "D" N.T. 54).

8.    As a result of Plaintiff's suicidal gestures, she was taken to Abington Memorial Hospital while still in the custody of the Abington Police Department. (Exhibit "C" N.T. 89).

9.    Abington Memorial Hospital was informed by the Police that Plaintiff had attempted to commit suicide. (Exhibit "A" pg. 1).

10.    Plaintiff was generally uncooperative and verbally abusive to the Emergency Room personnel. Plaintiff was in the midst of a bipolar episode. (Exhibit "A" pg. 3, 4, and 6).

11.    Plaintiff assaulted a nurse who was attempting to collect a urine specimen. As a result of this assault, the Plaintiff was placed in four point restraints. (Exhibit "B," N.T. 152 - 153).

12.    The nurse subsequently refused to press charges against the Plaintiff after being asked by the Abington Police. (Exhibit "B," N.T. 153 - 154).

13.    A nurse at Abington Memorial Hospital gave the Plaintiff a shot of medication to calm her down. (Exhibit "A," pg. 4).

14.    The attending physician, Dr. Theodorson, requested that Mark Schnee, an Abington Hospital Crisis Clinician, evaluate Plaintiff. (Exhibit "D" N.T. 37-39).

15.    Plaintiff was uncooperative with Defendant Schnee such that he was unable to examine her. (Exhibit "A," pg. 16).

16.     Defendant Schnee never touched the Plaintiff, nor did he order anyone to touch her. (Exhibit "B," N.T. 234 - 236; Exhibit "C," N.T. 133 - 134).

17.     Defendant Schnee never said that the police should lock up the plaintiff and throw away the key. as averred in Paragraph 71 of her Amended Complaint. (Exhibit "B," N.T. 133; Exhibit "C," N.T. 133).

18.     Defendant Schnee did speak with the Police to find out why Plaintiff was brought to the hospital. However, Defendant Schnee never revealed any information to the Police regarding Plaintiff's propensity to take medication, as averred by Plaintiff in Paragraph 73 of her Amended Complaint. (Exhibit "B," 233; Exhibit "C," N.T. 133).

19.     Defendant Schnee never revealed any information to the Police about his past dealings with Plaintiff or her medical and psychiatric histories, as averred by Plaintiff in Paragraph 72 of her Amended Complaint. (Exhibit "B," 233; Exhibit "C," N.T. 133; Exhibit "D," 56- 57).

20.     Defendant Schnee never accessed computerized records pertaining to Plaintiff in the Abington Memorial Hospital Emergency Room, nor did he reveal any part of Plaintiff's medical records to the Police. (Exhibit "B," 233 - 234; Exhibit "C," N.T. 133 -134 ; Exhibit "D," 56- 57).

21.     Plaintiff signed a Consent for Treatment form at Abington Memorial Hospital. (Exhibit "A," pg. 2).

**STANDARDS FOR SUMMARY JUDGMENT**

22.     Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). In

a motion for Summary Judgment, the moving party need not produce evidence to disprove the opponent's claim but does carry the burden to demonstrate the absence of any genuine issue of material fact. <u>Gouiss v. Kimball</u>, 813 F.Supp. 352, 354 (E.D. Pa. 1993) citing: <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)

23.   In deciding a Motion for Summary Judgment, the Court must determine whether the moving party has carried its burden of showing that there are no genuine issues of material fact. <u>Hollinger v. Wagner Mining Equipment Co.</u> 667 F.2d 402, 405 (3rd Cir. 1981). All reasonable inferences from the presented evidence of record must be drawn in favor of the non-moving party <u>Small v. Seldows Stationary</u>, 617 F.2d 992, 994 (3rd Cir. 1980). A response to a properly supported summary judgment motion may not rest upon the allegations of the pleadings but must present by affidavit or otherwise, specific facts sufficient to create a genuine issue of material fact. Fed R. Civ. P. 56(e). <u>Sunshine Books Ltd. v. Temple University</u>, 697 F.2d 90,96 (3rd Cir. 1982).

24.   In the present case, Plaintiff lacks any evidence in support of her claims against moving defendants. Plaintiff has failed to prove that Moving Defendants assaulted or battered her. Plaintiff has failed to prove that she was falsely imprisoned by the Moving Defendants. Plaintiff has failed to prove that the Moving Defendants committed negligence. Plaintiff has failed to establish that the Moving Defendants violated the Pennsylvania Mental Health Procedures Act. Plaintiff has failed to establish that the Moving Defendants invaded her privacy. Moreover, Plaintiff has failed to file a Complaint within the Statute of Limitations for Invasion of Privacy. Thus, Moving Defendants are entitled to Summary Judgment on all claims.

**PLAINTIFF'S STATE LAW CLAIMS**

25.     Plaintiff has failed to establish a *prima facie* case on her state law claims of Assault and Battery, Medical Negligence, False Imprisonment, violations of the Mental Health Procedures Act, and False Imprisonment and accordingly, this Court should dismiss counts III, VIII, IX, X and XI of Plaintiff's Amended Complaint.

**ASSAULT AND BATTERY**

26.     In Count III of her Amended Complaint, Plaintiff alleges that Moving Defendants are liable for Assault and Battery with respect to the care and treatment Plaintiff received in the Emergency Room at Abington Memorial Hospital on July 2, 2000.

27.     To establish a claim for assault, Plaintiff must show:

    (a)     the defendant intended to cause harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and

    (b)     the other is thereby put in such imminent apprehension.

An act which is done without the intent stated above does not create a cause of action for assault. Restatement (Second) of Torts, §21.

28.     Words themselves, no matter how threatening, do not constitute an assault. Cucinotti v. Ortmann, 159 A.2d 216, 218 (Pa. 1960). The actor must be in a position to carry out the threat immediately, and he must take some affirmative action to do so. Cucinotti, 159 A.2d at 217.

29.     Defendant Schnee never made any statements toward Plaintiff threatening an imminent harmful or offensive contact with immediate ability to carry out such threats.

30. Abington Memorial Hospital, through its physicians and staff, lacked the intent to cause apprehension of immediate harmful or offensive contact with Plaintiff. As such there cannot be an intentional tort such as assault.

31. Battery is commonly defined as a harmful or offensive contact with another. Dalrymple v. Brown, 701 A.2d 164 (Pa. 1997). The plaintiff must additionally prove that there was no consent to the contact. Barnes v. American Tobacco Company, Inc., 984 F.Supp. 842 (E.D. Pa. 1997); *citing:* Levenson v. Souser, 557 A.2d 1081, 1088 (Pa. Super. 1989), alloc. denied 571 A.2d 383 (1989). A subjective determination of a defendant's intent to commit battery is a requirement in Pennsylvania. *See*: In re: City of Philadelphia Litigation, 158 F.3d 723 (3rd Cir. 1998).

32. Plaintiff signed a consent form which authorized Abington Memorial Hospital physicians and staff to "... perform such emergency treatment and procedures as any of them deem advisable."

33. The shot given to Plaintiff was medically necessary to bring her out of her bi-polar episode. This conformed with Plaintiff's consent to treatment.

34. As discussed above, Plaintiff was undergoing a bi-polar episode and Abington's physicians and staff acted reasonably in their treatment.

35. Plaintiff was placed in four point restraints for her own safety and the safety of others. Such treatment was considered necessary for medical treatment. This conformed with Plaintiff's consent to treatment.

36. The hospital personnel had no intent to batter Plaintiff. The physicians and staff of Abington Memorial Hospital lacked the required intent to commit a battery. To the contrary, the staff

at Abington Memorial Hospital were charged with trying to help Plaintiff who was in the midst of a psychiatric episode, and they acted reasonably in do doing.

37.  Plaintiff has not made out a cause of action for Assault or Battery since she consented to any touching that occurred within Abington Memorial Hospital and since she failed to demonstrate that Abington or its personnel had the requisite intent to assault or batter her.

**NEGLIGENCE**

38.  In Count VIII of her Amended Complaint, Plaintiff alleges that Abington Memorial Hospital and Mark Schnee are liable for negligence, specifically medical negligence, with respect to the care and treatment plaintiff received in the Emergency Room at Abington Memorial Hospital on July 2, 2000.

39.  To make out a claim for medical malpractice, a plaintiff must establish, by competent expert medical testimony, the following:

   (a)  A duty was owed by the defendant to the plaintiff;

   (b)  A breach of the duty from the defendant to the plaintiff;

   (c)  That the breach of the duty was the proximate cause of or substantial factor in bringing about the harm suffered by the plaintiff; and

   (d)  damages suffered by the plaintiff were a direct result of the harm.

Mitzelfelt v. Kamrin, 584 A.2d 888 (Pa. 1990).  Pennsylvania Courts require expert medical testimony because the complicated nature of medicine is beyond the knowledge of the average juror. Simmons v. Mullen, 331 A.2d 892 (Pa. Super. 1974).

40. This case is in the December 1, 2003 trial pool and, to date, Plaintiff has not offered any expert medical testimony to substantiate the allegations of negligence in the Amended Complaint.

41. Since Plaintiff has failed to meet the legal requirements for her claim of medical malpractice, the Court must grant Summary Judgment on Count VIII of the Amended Complaint.

**FALSE IMPRISONMENT**

42. In Count IX of her Amended Complaint, Plaintiff alleges that Abington Memorial Hospital and Mark Schnee Falsely Imprisoned her in the Emergency Room of Abington Memorial Hospital on July 2, 2000.

43. To create liability for false imprisonment an actor must:

   (a) act intending to confine the other or a third person within boundaries fixed by the actor, and

   (b) the act must directly or indirectly result in such a confinement of the other, and

   (c) the other is conscious of the confinement or is harmed by it.

Gagliardi v. Lynn, 285 A.2d 109, 111 (Pa. 1971).

44. Arrest is defined as "... taking another into custody for the actual or purported purpose of bringing the other before a court, or otherwise securing the administration of law." Gagliardi, 285 A.2d at 111. Privilege shields arrest from liability for false imprisonment if the arrest is authorized by law. Id.

45. Plaintiff was under arrest when she was taken to Abington Memorial Hospital by the

Abington Police.

46. Plaintiff's confinement at Abington Memorial Hospital was a continuation of her lawful arrest by the Abington Police Department.

47. Hospital records indicate that Plaintiff was combative and suffered from a recurrent bipolar episode at the time of her treatment at Abington Memorial Hospital.

48. Plaintiff's bi-polar and combative condition presented a danger to herself and those who treated her. This is evidenced by Officers Nesbit's and King's testimony that Plaintiff assaulted a nurse. (Exhibit "B," N.T. 152 - 153). Resultantly, Plaintiff was placed in four point restraints by Emergency Room staff and Abington Police Officers. (Exhibit "A," N.T. 148, 152 -153; Exhibit "B," N.T. 136 - 137; Exhibit "C," pg. 15).

49. Defendant Schnee never ordered Plaintiff's restraint nor was he present simultaneously with Plaintiff while she was being restrained. Moreover, he never had the intention that she be bound. Simply put, Plaintiff was already under arrest and restrained when Defendant Schnee first saw Plaintiff. (See Exhibit "B," N.T. 114-117).

50. Plaintiff has failed to present evidence that Defendant, Abington Memorial Hospital or Defendant Schnee falsely imprisoned her. Since Plaintiff was already under arrest when she arrived at Abington Memorial Hospital, the hospital and Mr. Schnee were shielded from liability for any claim of false imprisonment, and Summary Judgment must be granted as to Count IX of the Amended Complaint.

**PENNSYLVANIA MENTAL HEALTH PROCEDURES ACT**

51. In Count X of her Amended Complaint, Plaintiff asserts non-specific allegations that

Abington Memorial Hospital and Mark Schnee violated the Pennsylvania Mental Health Procedures Act (MHPA) when caring for her in the Emergency Room of Abington Memorial Hospital on July 2, 2000.

52. The MHPA provides immunity for physicians caring for persons under the Act, absent a showing of "gross negligence" or "willful misconduct" on the part of the physician. 50 P.S. § 7114(a). This immunity has been found to apply to institutions, as well as natural persons, that provide care to mentally ill persons. Downey v. Crozer-Chester Medical Center, 817 A.2d 517, 525 (Pa. Super. 2002); *citing*, Farago v. Sacred Heart General Hospital, 562 A.2d 300, 303 (Pa. 1989).

53. Plaintiff was restrained to prevent injury to herself and others.

54. Plaintiff was given medication to help relieve her bi-polar episode.

55. Plaintiff's treatment at Abington Memorial Hospital does not rise to the level of gross negligence or willful misconduct, nor has Plaintiff presented any evidence to the contrary.

56. Plaintiff has not come forth with any expert opinion or testimony to substantiate any alleged violations of the Pennsylvania MHPA.

57. Plaintiff has failed to present a viable cause of action under the Pennsylvania Mental Health Procedures Act because Plaintiff has not demonstrated that Abington Memorial Hospital or Mark Schnee committed willful or wanton misconduct; accordingly, Summary Judgment must be granted as to Count X of the Amended Complaint.

**INVASION OF PRIVACY**

58. In Count XI of her Amended Complaint, Plaintiff avers that Abington Memorial Hospital and Mark Schnee tortiously invaded her privacy.

59. Plaintiff avers that on July 2, 2000, Defendant Schnee disclosed private medical information to police officers in the Emergency Room of Abington Memorial Hospital.

60. In Pennsylvania, an action for invasion of privacy is limited to a one year Statute of Limitations. 42 Pa. R.C.P. § 5523 (West 2002). This action was commenced on July 2, 2002, one year beyond the allowable Statute of Limitations in Pennsylvania.

61. It is a requirement for a cause of action for Invasion of Privacy to include publication. Krochalis v. Insurance Company of North America, 629 F.Supp. 1360, 1371. A publication under an Invasion of Privacy cause of action requires the information in question to be broadcast to the public at large, or to so many persons that the matter must be regarded as substantially certain to become public knowledge. Id. (citing Restatement (Second) of Torts §652D comment a.).

62. As discussed above, the information in question was allegedly publicized to two police officers. This does not meet the publication requirements for Invasion of Privacy in Pennsylvania.

63. Plaintiff has not stated a claim for which relief can be granted under Invasion of Privacy as the Statute of Limitations has run. Additionally, the publication averred does not meet the definition of publication within the Tort itself. Accordingly, Summary Judgment must be granted as to Count XI of the Amended Complaint.

**WHEREFORE**, Defendants, Abington Memorial Hospital and Mark Schnee, respectfully request this Honorable Court grant the instant Motion for Summary Judgment and dismiss all claims against them.

WHITE AND WILLIAMS LLP

BY: _____
DAVID R. ZASLOW, ESQUIRE
COUNSEL FOR DEFENDANTS
ABINGTON MEMORIAL HOSPITAL AND
MARK SCHNEE
1500 Lancaster Avenue
Paoli, PA 19301
(610) 251-0466
ATTORNEY I.D. No. 77782