IN THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CANDACE RAY : | CIVIL ACTION NO. 02-CV-4382 |
| 1350 High Avenue : | |
| Roslyn, PA 19001 : | |
| : | |
| v. : | |
| : | |
| ABINGTON TOWNSHIP : | |
| 1176 Old York Road : | |
| Abington, PA 19001 : | |
| and : | |
| CHIEF OF POLICE WILLIAM KELLY : | |
| 1116 Old York Road : | |
| Abington, PA 19001 : | |
| and : | |
| POLICE OFFICER NISBET, S. : | |
| Badge No: 2933 : | |
| 1116 Old York Road : | |
| Abington, PA 19001 : | |
| and : | |
| POLICE OFFICER J. KING : | |
| Badge No: 2530 : | |
| 1116 Old York Road : | |
| Abington, PA 19001 : | |
| and : | |
| POLICE OFFICER BRUCE HASLAM : | |
| 1116 Old York Road : | |
| Abington, PA 19001 : | |
| and : | |
| POLICE OFFICER MATZ : | |
| 1116 Old York Road : | |
| Abington, PA 19001 : | |
| and : | |
| POLICE OFFICER RAWTZ : | |
| 1116 Old York Road : | |
| Abington, PA 19001 : | |
| and : | |
| POLICE OFFICER SCHOLL : | |
| 1116 Old York Road : | |
| Abington, PA 19001 : | |
| and : | |
| (defendants continued) : | |
| POLICE OFFICER MANN : | |

| | |
|---|---|
| 1116 Old York Road | : |
| Abington, PA 19001 | : |
|     and | : |
| ABINGTON MEMORIAL HOSPITAL | : |
| 3941 Commerce Avenue | : |
| Willow Grove, PA 19090 | : |
|     and | : |
| MARK SHNEA | : |
| 3941 Commerce Avenue | : |
| Willow Grove, PA 19090 | : |

**DEFENDANTS, ABINGTON MEMORIAL HOSPITAL AND
MARK SCHNEE'S, BRIEF IN SUPPORT OF THEIR
<u>MOTION FOR SUMMARY JUDGEMENT</u>**

Defendants, Abington Memorial Hospital and Mark Schnee, by and through their attorneys, White and Williams, LLP, hereby file this Brief in Support of their Motion for Summary Judgment.

### I.  <u>INTRODUCTION</u>

Plaintiff has filed the instant federal and state law action against the above captioned Defendants. The claims asserted against the Moving Defendants are based solely on Pennsylvania state law. Plaintiff's allegations and claims are unsupported by the undisputed facts of this case. Therefore, the instant Motion for Summary Judgment has been filed seeking dismissal of all claims against moving Defendants.

### II.  <u>STATEMENT OF THE CASE</u>

#### A.  *Procedural History*

Plaintiff filed an Amended Complaint on March 18, 2003. Count I alleges Civil Rights violations against the Abington Police Department. Count II alleges Civil Rights violations against the Township of Abington. Count III alleges assault and battery against all Defendants, including

Abington Memorial Hospital and Mark Schnee. Count IV alleges a violation of Substantive Due Process Rights against Police Officers and the Township of Abington. Count V alleges a violation of Civil Rights against Police Officers and Township of Abington. Count VI alleges a violation of Privacy against Police Officers and Township of Abington. Count VII alleges a failure to train against the Chief of Police of Abington. Count VIII alleges medical negligence against Abington Memorial Hospital and Mark Schnee. Count IX alleges False Imprisonment against all Defendants, including Abington Memorial Hospital and Mark Schnee. Count X alleges violations of the Pennsylvania Mental Health Procedures Act (MHPA) against All Defendants, including Abington Memorial Hospital and Mark Schnee. Count XI alleges Invasion of Privacy against Abington Memorial Hospital and Mark Schnee

Instantly, discovery is complete and this case is in the December 1, 2003 trial pool. It is now readily apparent that, Plaintiff cannot make out a *prima facie* case against Moving Defendants, Abington Memorial Hospital and Mark Schnee and that Summary Judgment in favor of Moving Defendants is warranted.

**B.**     ***Brief Factual History***

Discovery in this case has revealed that on July 2, 2000, Plaintiff, Candace Ray, was arrested by the Abington Police Department. (Exhibit "B," N.T. 71 - 73). Plaintiff suffers from bi-polar disorder. Plaintiff's arrest was subsequent to her disruption of a District Court hearing and failure to leave that premises. (Exhibit "B," N.T. 72). Plaintiff was taken into custody. (See Exhibit "B," N.T.114-117). During her custody, Plaintiff, in what was viewed as a suicidal gesture by the Police, climbed atop the sink in her cell. (Exhibit "C," N.T. 77 - 89). Plaintiff was transported to Abington

Memorial Hospital, while still in police custody. (Exhibit "A," pg. 1, 3, 6, and 9).

At Abington Memorial Hospital, Plaintiff signed a Hospital Consent Form. (Exhibit "C," pg. 2). Hospital staff administered an injection to Plaintiff. (Exhibit "C,"pg. 4). During her treatment, Plaintiff assaulted a nurse. (Exhibit "B," N.T. 152 - 153). Plaintiff was placed in four point restraints with the help of police officers, for her own safety and the safety of others. (Exhibit "A," N.T. 148, 152 -153; Exhibit "B," N.T. 136 - 137; Exhibit "C," pg. 15). While in four point restraints, Plaintiff was seen by Mark Schnee, a Crisis Clinician in the employ of Abington Memorial Hospital. (Exhibit "B," N.T. 133- 134; Exhibit "D," N.T. 65). Defendant Schnee spoke with officers in regard to the events that brought Plaintiff to the hospital. (Exhibit "D," N.T. 50 - 52). Involuntary commitment forms were drafted by Abington Police Officers. (Exhibit "A," N.T. 186 - 188, Exhibit "B," N.T. 102 - 104, Exhibit "C", pg. 20- 22 ). Plaintiff was transported from the Abington Memorial Hospital to Montgomery County Emergency Services for an involuntary commitment (Exhibit "D," N.T. 67 -68).

### III. ARGUMENT

#### A. *Standards For Summary Judgment*

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). In a Motion for Summary Judgment, the moving party need not produce evidence to disprove the opponent's claim but does carry the burden to demonstrate the absence of any genuine issue of material fact. <u>Gouiss v. Kimball</u>, 813 F.Supp. 352, 354 (E.D. Pa. 1993) citing: <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

In deciding a Motion for Summary Judgment, the Court must determine whether the moving party has carried its burden of showing that there are no genuine issues of material fact. <u>Hollinger v. Wagner Mining Equipment Co.</u> 667 F.2d 402, 405 (3rd Cir. 1981). All reasonable inferences from the presented evidence of record must be drawn in favor of the non-moving party <u>Small v. Seldows Stationary</u>, 617 F.2d 992, 994 (3rd Cir. 1980). A response to a property supported Summary Judgment Motion may not rest upon the allegations of the pleadings but must present by affidavit or otherwise, specific facts sufficient to create a genuine issue of material fact. Fed R. Civ. P. 56(e). <u>Sumshine Books Ltd. v. Temple University</u>, 697 F.2d 90,96 (3rd Cir. 1982). Summary Judgment may present the District Court with the first opportunity to dispose of meritless cases under the federal rules of notice pleading. <u>Big Apple BMW, Inc. v. BMW of North America, Inc.</u>, 974 F.2d 1358 (3rd Cir. 1992), rehearing denied, certiorari denied 113 S.Ct. 1262.

  **B.**  *Summary Judgment Must Be Awarded To Abington Memorial Hospital And Mark Schnee Since Plaintiff Has Failed To Demonstrate Her Claims Against Said Defendants.*

Plaintiff has brought state law claims only against Moving Defendants, Abington Memorial Hospital and Mark Schnee, in Counts III, VIII, IX, X, and XI of the Amended Complaint. These include the torts of assault, battery, false imprisonment, violations of the Pennsylvania Mental Health Act, and invasion of privacy. These will be presented to the Court in the order presented by Plaintiff.

  **1.**  **Plaintiff's Claims For Assault And Battery Must Be Dismissed As Plaintiff Has Failed To Demonstrate That Any Touching That Occurred Was Not Consensual.**

Count III of the Amended Complaint purports to set forth a claim for the torts of assault and

battery during Plaintiff's care and treatment in the Emergency Room at Abington Memorial Hospital on July 2, 2000. As Plaintiff has failed to demonstrate that Moving Defendants acted with the requisite intent to commit an assault or battery, or in any way performed an unlawful touching, this Count must be dismissed.

In Pennsylvania, "an assault occurs when one acts with the unprivileged intent to put another in reasonable and immediate apprehension of a harmful or offensive contact and which does cause such apprehension." Proudfoot v. C.O.I.A. Williams, 803 F.Supp. 1048 (E.D.Pa. 1992); *citing:* Cucinotti v. Ortmann, 159 A.2d 216 (Pa. 1960). Words themselves, no matter how threatening, do not constitute and assault. Cucinotti v. Ortmann, 159 A.2d 216, 218 (Pa. 1960). The actor must be in a position to carry out the threat immediately, and he must take some affirmative action to do so. Cucinotti, 159 A.2d at 217.

At no time does Plaintiff aver any facts that would fit within the definition for assault. Plaintiff avers that Mark Schnee stated that the Plaintiff should be locked up and the key thrown away. However, this does not speak toward any touching imminent or otherwise. Plaintiff's claim for assault rests entirely upon spoken words which do not qualify for a cause of action in assault. Resultantly, the claim of assault should be stricken from Plaintiff's Amended Complaint.

In Pennsylvania, battery can be found under the following circumstances. Battery is commonly defined as a harmful or offensive contact with another. Dalrymple v. Brown, 701 A.2d 164 (Pa. 1997). Additionally, Plaintiff must prove that there was no consent to the contact that occurred. Barnes v. American Tobacco Company, Inc., 984 F.Supp. 842 (E.D. Pa. 1997); *citing:* Levenson v. Souser, 557 A.2d 1081, 1088 (Pa. Super. 1989), alloc. denied 571 A.2d 383 (1989). A subjective determination of a defendant's intent to commit battery is a requirement in

Pennsylvania. *See*: In re: City of Philadelphia Litigation, 158 F.3d 723 (3rd Cir. 1998).

Instantly, Plaintiff consented to any touching that occurred during Plaintiff's treatment. While at Abington Memorial Hospital, Plaintiff signed a Hospital Consent form. In relevant part it provides:

> **Consent to Care:** I have been informed that emergency treatment and procedures are necessary and I authorize physicians of the Hospital's medical staff or whomever any of such physicians may designate to perform such emergency treatment and procedures as any of them deem advisable. I hereby consent to the rendering of care, ..., as the named attending physicians(s) or others of the hospital's medical staff consider necessary.

(See Exhibit "C," pg 2).

When the treating nurse gave Plaintiff medication to relieve her bi-polar episode, she did so with the consent of Plaintiff. Moreover, Plaintiff did not object to the injection she received.

Plaintiff was restrained after she assaulted a nurse. (Exhibit "B," N.T. 152 - 153) This was done in part by police officers. (Exhibit "A," N.T. 148, 152 -153; Exhibit "B," N.T. 136 - 137; Exhibit "C," pg. 15). Plaintiff was under arrest at the time. (Exhibit "B," N.T. 71 - 73). The actions that were taken were for Plaintiff's own safety and the safety of others. (Exhibit "C," pg. 15). Mark Schnee never touched Plaintiff and, as such, cannot be liable for any battery. (Exhibit "B," N.T. 134). Additionally, no one restrained Plaintiff at Defendant Schnee's request. (See Exhibit "A," N.T. 234).

Any touching that occurred by Defendants, Abington Memorial Hospital and Mark Schnee,

was either privileged or with consent. Plaintiff consented to treatment deemed advisable by the hospital staff. Plaintiff was given an injection; she did not complain as to this touching. Furthermore, any touching that took place during Plaintiff's restraint was for her own safety or the safety of those attempting to treat her. Since any alleged touching stemmed from consent or privilege, Plaintiff's claim for assault for assault and battery must fail, and Moving Defendants are entitled to Summary Judgment on Count III of the Amended Complaint.

### 2. Plaintiff's Claims For Negligence Must Be Dismissed As Plaintiff Has Failed To Support This Claim With Expert Opinion Or Testimony.

Count VIII of the Amended Complaint purports to set forth a claim of negligence on the part of Defendants, Abington Memorial Hospital and Mark Schnee. Plaintiff is alleging negligence in regard to the medical treatment she received from the Moving Defendants during her treatment and care in the Emergency Room at Abington Memorial Hospital on July 2, 2000. To make out a claim for medical malpractice, a plaintiff must establish, by competent expert medical testimony, the following:

(a) A duty was owed by the defendant to the plaintiff;

(b) A breach of the duty from the defendant to the plaintiff;

(c) That the breach of the duty was the proximate cause of or substantial factor in bringing about the harm suffered by the plaintiff; and

(d) damages suffered by the plaintiff were a direct result of the harm.

Mitzelfelt v. Kamrin, 584 A.2d 888 (Pa. 1990). Pennsylvania Courts require expert medical testimony because the complicated nature of medicine is beyond the knowledge of the average juror. Simmons v. Mullen, 331 A.2d 892 (Pa. Super. 1974).

Plaintiff has not offered any expert medical testimony as to alleged negligence in her Amended Complaint. Plaintiff has failed to present any expert evidence that Defendants, Abington Hospital or Mark Schnee, failed to fulfill any duties they had to the Plaintiff within the standard of care. Since Plaintiff has failed to present the necessary expert evidence in support of her claims of medical negligence, this claim must fail, and Moving Defendants are entitled to Summary Judgment on Count VIII of the Amended Complaint.

### 3. Plaintiff's Claims For False Imprisonment Must Be Dismissed As Plaintiff Was Under Arrest At The Time She Came Under Defendant's Care.

Count IX of the Amended Complaint purports to set forth a claim of false imprisonment against Moving Defendants, Abington Memorial Hospital and Mark Schnee, during Plaintiff's care and treatment in the Emergency Room at Abington Memorial Hospital on July 2, 2000. To make out a claim for false imprisonment, Plaintiff must show that the Defendants intended to confine Plaintiff within boundaries fixed by the Defendants, that the Defendants were successful in such confinement, and that Plaintiff was either aware of the confinement or was harmed by it. Gagliardi v. Lynn, 285 A.2d 109, 111 (Pa. 1971).

Plaintiff was brought to Abington Memorial Hospital from the Abington Police Department. Plaintiff was brought by Abington Police Officers while still in police custody. (See Exhibit "C" pg 1, 3, 6, and 9). Therefore, privilege exists under these circumstances. Arrest is defined as "... taking another into custody for the actual or purported purpose of bringing the other before a court, or otherwise securing the administration of law." Gagliardi, 285 A.2d at 111. Privilege shields arrest from liability if the arrest is authorized by law. Id. As such, even accepting the allegations

of the Plaintiff as 100% true, there can be no liability for confining Plaintiff, as she was already under arrest when she arrived at Abington Memorial Hospital.

Additionally, Plaintiff's claim cannot succeed as she was restrained to prevent injury to herself and others. (See Exhibit "B," N.T. 136; Exhibit "C," pg 15). Plaintiff assaulted a nurse who was attempting to treat her. (See Exhibit "B," N.T. 136). As a direct result of this incident, police officers and hospital staff placed Plaintiff in four point restraints. (Exhibit "A," N.T. 152 - 153). Plaintiff's restraint was a direct result of her assault on a nurse and was instituted to prevent further injury to the staff of Abington Memorial Hospital and injury to Plaintiff. Additionally, with specific respect to Defendant Schnee, Plaintiff was already restrained prior to the first time he had contact with Plaintiff. (See Exhibit "B," N.T. 114-117). Since arrest is a legal privilege against a claim for false imprisonment and since the additional restraint of Plaintiff at Abington Memorial Hospital was medically necessitated, Plaintiff's claim for false imprisonment must fail and Moving Defendants are entitled to Summary Judgment on Count IX of the Amended Complaint.

**4. Plaintiff's Claims For Violations Of The Pennsylvania Mental Health Procedures Act Must Be Dismissed As Defendants Actions Do Not Rise To The Level Of "Gross Negligence" Or "Willful Misconduct."**

Count X of Plaintiff's Amended Complaint purports to set forth a claim that Abington Memorial Hospital and Mark Schnee violated the Pennsylvania Mental Health Procedures Act when caring for Plaintiff in the Emergency Room of Abington Memorial Hospital on July 2, 2000.

The Mental Health Procedures Act (MHPA) provides immunity for physicians caring for persons under the Act, absent a showing of "gross negligence" or "willful misconduct" on the part of the physician. 50 P.S. § 7114(a). This immunity has been found to apply to institutions, as well

as natural persons, that provide care to mentally ill persons. <u>Downey v. Crozer-Chester Medical Center</u>, 817 A.2d 517, 525 (Pa. Super. 2002); *citing*, <u>Farago v. Sacred Heart General Hospital</u>, 562 A.2d 300, 303 (Pa. 1989).

Plaintiff has not specified the exact nature of the alleged violation of the MHPA either in her Amended Complaint, in her testimony or through expert opinion. Notwithstanding, Plaintiff's treatment at Abington Memorial Hospital does not rise to the level of gross negligence or willful misconduct. Plaintiff was restrained to prevent injury to herself and others. Additionally, Plaintiff was given medication to help relieve her bi-polar episode.

Plaintiff's averments of falsification of medical records have no support in fact. The deposition testimony of both Officer Nisbet and Officer King refute this allegation. ( Exhibit "A," N.T. 233- 236; Exhibit "B," N.T.. 133 - 136). Plaintiff has failed to present a viable cause of action under the MHPA because Abington Memorial Hospital and Mark Schnee did not engage in willful or wanton misconduct. As such, this claim must fail, and Moving Defendants are entitled to Summary Judgment on Count X of the Amended Complaint.

**5.    Plaintiff's Claims For Invasion Of Privacy Must Be Dismissed As Plaintiff's Action Is Barred By The Statute Of Limitations.**

Count XI of Plaintiff's Amended Complaint purports to set forth a state law claim of invasion of privacy against Moving Defendants, with respect to Plaintiff's care and treatment in the Emergency Room at Abington Memorial Hospital on July 2, 2000. Specifically, Plaintiff avers that on July 2, 2000, Defendant Schnee disclosed private medical information to police officers in the Emergency Room of Abington Memorial Hospital.

In Pennsylvania, an action for invasion of privacy is limited to a one year Statute of

Limitations period. 42 Pa. R.C.P. § 5523 (West 2002). The instant action was commenced on July 2, 2002, <u>one year beyond</u> the allowable Statute of Limitations for this tort in Pennsylvania. Plaintiff is beyond the statutorily defined period of relief, and Summary Judgment on Count XI of the Amended Complaint must be granted.

Even if Plaintiff had been with the acceptable Statute of Limitations, her claim for invasion of privacy would still fail. The invasion of privacy cause of action in Pennsylvania is actually four separate torts. <u>Krochalis v. Insurance Company of North America</u>, 629 F.Supp. 1360, 1370 (E.D. Pa. 1985), *citing*, <u>Vogel v. W.T. Grant Co.</u>, 327 A.2d 133 (Pa. 1974). These include:

>   (a) unreasonable intrusion upon the seclusion of another,
>
>   (b) appropriation of the other's name or likeness,
>
>   (c) unreasonable publicity given to the other's private life, or
>
>   (d) publicity that unreasonably places the other in a false light.

<u>Id</u>. Instantly, the facts could only possibly lend themselves to a claim for (c), unreasonable publicity given to another's private life. Publication is required to make out this cause of action. <u>Krochalis</u>, 629 F.Supp. at 1371. A publication under an invasion of privacy cause of action requires the information in question to be broadcast to the public at large, or to so many persons that the matter must be regarded as substantially certain to become public knowledge. <u>Id</u>. (citing Restatement (Second) of Torts §652D comment a.).

First, Defendant Schnee and the Defendant Officers testified that no such information was ever disclosed. (Exhibit "A," N.T. 233 - 234, Exhibit "B," N.T. 133 - 134, Exhibit "C," N.T. 65 - 66). Second, even if one believes these individuals lied under oath and such information was disclosed, it was only publicized to two police officers. This does not meet the aforementioned publication requirements under Pennsylvania law.

Since the Statute of Limitations has run, and since the publicity requirement of the tort has not been fulfilled, Plaintiff's claim under this tort must fail, and Moving Defendants are entitled to Summary Judgment on Count XI of the Amended Complaint.

IV.    **CONCLUSION:**

Plaintiff has brought numerous Pennsylvania state law claims against the Moving Defendants. However, these claims must fail as Plaintiff has failed to prove the requisite elements necessary to establish a *prima facie* case against Moving Defendants under Pennsylvania law. The evidence in the case is clear. Plaintiff consented to her treatment at Abington Memorial Hospital. Plaintiff's restraint at Abington Memorial Hospital was done for her own safety and the safety of others. Additionally, Plaintiff was in police custody when she was restrained. Any touching that accompanied her restraint was pursuant to securing her own safety and the safety of those treating her. No violation of the Pennsylvania Mental Health Procedures Act can be shown, as the Moving Defendants did not act "grossly negligent" or by "willful misconduct" in their treatment of Plaintiff. Plaintiff's invasion of privacy claim must be dismissed as barred by the Statute of Limitations.

Therefore, all of Plaintiff's state law claims must fail, and Counts III, VIII, IX, X, and XI of Plaintiff's Amended Complaint must be stricken.

**WHEREFORE**, Defendants, Abington Memorial Hospital and Mark Schnee, respectfully request that this Honorable Court grant the instant Motion for Summary Judgment and dismiss all claims against them.

Respectfully Submitted,

WHITE AND WILLIAMS LLP

BY: _____
DAVID R. ZASLOW, ESQUIRE
COUNSEL FOR DEFENDANTS,
ABINGTON MEMORIAL HOSPITAL AND
MARK SCHNEE
1500 Lancaster Avenue
Paoli, PA 19301
(610) 251-0466
Attorney I.D. No. 77782