IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CANDACE RAY | : | |
| | : | |
| v. | : | Civil Action No. 02-CV-04382 |
| | : | |
| ABINGTON TOWNSHIP, | : | |
| CHIEF OF POLICE WILLIAM KELLY, | : | |
| POLICE OFFICER NISBET, S. | : | |
| Badge No: 2933 | : | : |
| POLICE OFFICER J. KING | : | |
| Badge No: 2530, | : | |
| POLICE OFFICER BRUCE HASLAM | : | |
| POLICE OFFICER MATZ, | : | |
| POLICE OFFICER RAWTZ, | : | |
| POLICE OFFICER SCHOLL, | : | |
| POLICE OFFICER MANN, | : | |
| ABINGTON MEMORIAL HOSPITAL, | : | |
| and | : | |
| MARK SHNEA | : | |

**DEFENDANTS, ABINGTON MEMORIAL HOSPITAL AND MARK SCHNEE'S, SUR REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, Abington Memorial Hospital and Mark Schnee, by and through their attorneys, White and Williams, LLP, hereby respond to Plaintiff, Candance Ray's, response to Defendants' Motion for Summary Judgment.

**I.    Assault and Battery**

Plaintiff avers that she was given medication that was two and one half times the legal limit. However, the Plaintiff does not offer any expert medical testimony to prove this fact.

Plaintiff claims that she does not remember what happened in the instant case. (See deposition testimony of Candace Ray, N.T. 100). However, Plaintiff avers that she had never acted

violently in the past during her bi-polar episodes. The deposition testimony of Officers Nesbet and King, previously provided by Moving Defendants, refute this allegation.

## II.     Negligence

Plaintiff has conceded in her response to Defendants' Motion for Summary Judgment that her Invasion of Privacy action is beyond the Statute of Limitations and cannot succeed. However, Plaintiff seeks to revive this cause of action through her claim of negligence. Plaintiff avers that her privacy was invaded by virtue of the revelation her medical records to police officers in the emergency room at Abington Memorial Hospital. This is a claim for Invasion of Privacy, not negligence, a distinct tort under Pennsylvania Law. Plaintiff cannot have two bites at the apple by admitting the Statute of Limitations is expired on one hand and then claiming the very same facts also create a negligence cause of action. Pennsylvania has seen fit to recognize a cause of action for Invasion of Privacy. The Legislature has further limited that cause of action to one year. As such, the Court must grant Moving Defendants Motion for Summary Judgment on the count of Negligence.

## III.    False Imprisonment

Plaintiff claims that she was not violent. However, Plaintiff has no memory of the events leading up to her being placed in four-point restraints in the emergency room at Abington Memorial Hospital. (See, deposition testimony of Candance Ray, N.T. 99 - 100). Therefore, the Court will only have, now and at the time of trial, the testimony of those persons whose depositions are before it in making its determination on false imprisonment. And, importantly, the evidence from each of these deponents and the medical records reveals that Plaintiff was indeed violent in the emergency room. The material facts are before this Honorable Court on this issue and a decision is properly

at hand. Plaintiff cannot substantiate her factual contentions simply because she cannot remember the relevant events and has failed to produce any evidence in support of her assertions. Moving Defendants' Motion for Summary Judgment must be granted on the count of False Imprisonment.

### IV. Violations Of The Pennsylvania Mental Health Procedures Act

Plaintiff does not remember what actions occurred that caused her to be placed in four point restraints. (See, deposition testimony of Candace Ray, N.T. 100 - 101). Plaintiff has no actual knowledge of her own behavior. Moving Defendants have submitted depositions of eye witnesses to Plaintiff's four point restraint and the reasons for it. As such, Moving Defendants Motion for Summary Judgment must be granted on the claim of violations of the Pennsylvania Mental Health ProceduresAct.

Respectfully Submitted,

**WHITE AND WILLIAMS LLP**

BY: _____
DAVID R. ZASLOW, ESQUIRE
COUNSEL FOR DEFENDANTS,
ABINGTON MEMORIAL HOSPITAL AND
MARK SCHNEE
1500 Lancaster Avenue
Paoli, PA 19301
(610) 251-0466
ATTORNEY I.D. No. 77782

**CERTIFICATION OF SERVICE**

I, David R. Zaslow, Esquire, attorney for Defendants, Abington Memorial Hospital and Mark Schnee, hereby certify that on the date set forth below, I caused a true and correct copy of the Defendants, Abington Memorial Hospital and Mark Schnee's, Sur Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment to be served upon the parties below named by First Class Mail, postage prepaid:

Gregg L. Zeff, Esquire
Frost & Zeff
Pier Five at Penn's Landing
7 North Columbus Blvd.
Philadelphia, PA 19106

Joseph J. Santarone, Jr.
Marshall, Dennehey, Warner,
Coleman & Goggin
One Montgomery Plaza
Suite 1002
Norristown, PA  19401

WHITE AND WILLIAMS LLP

By:_____
David R. Zaslow, Esquire
Attorney for Defendants,
Abington Memorial Hospital and
Mark Schnee

Dated:_____