\02_A\LIAB\JJS\LLPG\230192\TAE\04108\00353
**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** Joseph J. Santarone, Jr., Esquire
ID# 45723
Suite 1002, One Montgomery Plaza
Norristown, PA   19401
(610) 292-4444

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CANDACE RAY | : Civil Action No:  02-4382 |
| | : |
| v. | : |
| | : |
| ABINGTON TOWNSHIP, CHIEF OF POLICE | : |
| WILLIAM KELLY, POLICE OFFICER NISBET, | : |
| POLICE OFFICER J. KING, POLICE OFFICER | : |
| BRUCE HASLAM, OFFICER MATZ, OFFICER | : |
| RAWTZ, OFFICER SCHOLL, OFFICER MANN | : |
| AND ABINGTON MEMORIAL HOSPITAL AND | : |
| MARK SHNEA | : |

### DEFENDANTS' PRE-TRIAL MEMORANDUM

**Summary of the case**

Plaintiff Candace Ray was arrested by Abington Police on July 2, 2001 after she had disrupted a court proceeding before District Justice Juanita Price.  The court proceeding was for her live-in boyfriend who had been arrested after Ray called the Abington police to report he had assaulted her.  On arrival at the house Sgt. Hockwind and Officer Rawls had found visible signs of injury on Ray, which both admit was caused by the fight between them,  and therefore the arrest of her boyfriend John Grob was mandated by law. Contrary to the allegations in the complaint the officers do not have any discretion under those circumstances in the State of Pennsylvania  After the arrest of Grob plaintiff attempted to enter the DJ's courtroom and was order to leave the area.  Instead she parked just outside the courtroom windows (within 6 feet or

so), honked her horn and again as a disruption (along with concerns the Judge had about having the domestic violence victim right outside the window of the courthouse).

Officer Nesbit went outside to tell her to leave. While he was leaning in the passenger window she moved the car causing him to fall into the vehicle (as per the complaint). She was screaming at the time and by her own testimony went into some "episode". Officer Jeannette King came out to assist and in order to gain control of the plaintiff and the vehicle sprayed Ray with OC spray. She was taken to the Abington PD and the procedure was followed to rinse out her eyes. She was placed in a cell and after she exhibited behavior that presented a danger to herself she was taken by ambulance across the street to Abington Memorial Hospital. A 302 Petition was prepared and she was transported to Building 50 where she was examined by a psychiatrist who determined a commitment was necessary.

Plaintiff has testified she has no recollection of what happened on July 2, 2001 from the time Officer Nesbit was struck by her car until she "comes out of it" at Abington Hospital. Her claim is based on what her boyfriend John Grob alleges he saw at the police station. Grob is not able to identify any officer who he says was present when the plaintiff's eyes were flushed with water.

There are currently Motions for Summary Judgment outstanding.

**I. Witnesses:**

1. All named defendants
2. Mark Shnea
3. Sgt. Dan Bailey
4. District Justice Juanita Price
5. Jay Fisher, Building 50

    6. Dr. David Theodorson

    7. Michael Stoll or other members of the Second Alarmer's Rescue Squad

    8. Marcello Llanos

    9. John D'Andrea, D.O., Building 50

    10. Lt. George Mengelash

    11. Chief Peter Hasson

    12. Sgt. Henze

    13. Chris Stewart

**EXPERT WITNESSES**

1. Dr. Timothy Michaels: See attached expert reports


II. **Exhibits:**

    D-1. Plaintiff's Complaint.

    D-2. Fogger type training canister for O.C. Spray

    D-3. Photographs of District Justice Office and area surrounding it.

    D-4. Photographs of cell area of Abington Township.

    D-5. Photographs of inside of Emergency Room at Abington Hospital.

    D-6. Records produced by plaintiff in Self-Disclosure from Building 50.

    D-7. Arrest record of John Grob from 7/2/00.

    D-8. Records regarding 7/2/00 involving Candace Ray.

    D-9. 7/2/00 EMS Report.

    D-10. 7/2/00 E.R. Records from Abington Hospital.

    D-11. Exhibits attached to plaintiff's deposition transcript.

    D-12. Exhibits attached to John Grob's deposition transcript.

    D-13. Diagram of the Use of Force Continuum.

## III. DAMAGES

Plaintiff has no monetary damages from this incident and no wage loss claim. As to emotional claims the plaintiff by her own testimony has no recollection of what happened on July 2, 2001. The eventual commitment to Building 50 was warranted in that psychiatrist at that facility confirmed she was a danger to herself. She was found guilty of defiant trespass as a result of her actions at the District Justices office on July 2nd. For the above reasons she has no claim for false imprisonment or false arrest.

## IV. LEGAL ISSUES

Defendant will supplement this as once it is determined what, if any, of the plaintiff's claims survive the outstanding Motion for Summary Judgment.

## V. STIPULATIONS OF COUNSEL

The following stipulations are requested.

    1. Plaintiff as a result of her actions on July 2, 2000 in returning to the area of the District Justices office was found guilty of defiant trespass by the Montgomery County Court.

    2. The 302 Evaluation of Candace Ray on July 2, 2000 was necessary in light of her then mental state and a psychiatrist examined the plaintiff on that date and committed her involuntarily.

**VI. POINTS FOR CHARGE**

    See attached

                              MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN

                              _____
                              JOSEPH J. SANTARONE, JR., ESQUIRE
                              Attorney for Abington Defendants