\02_A\LIAB\JJS\TRLD\231467\TAE\04108\00353

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** Joseph J. Santarone, Jr., Esquire
ID#  45723
Suite 1002, One Montgomery Plaza
Norristown, PA    19401
(610) 292-4444

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CANDACE RAY | :  Civil Action No:  02-4382 |
| | : |
| v. | : |
| | : |
| ABINGTON TOWNSHIP, CHIEF OF POLICE | : |
| WILLIAM KELLY, POLICE OFFICER NISBET, | : |
| POLICE OFFICER J. KING, POLICE OFFICER | : |
| BRUCE HASLAM, OFFICER MATZ, OFFICER | : |
| RAWTZ, OFFICER SCHOLL, OFFICER MANN | : |
| AND ABINGTON MEMORIAL HOSPITAL AND | : |
| MARK SHNEA | : |

**DEFENDANTS' POINTS FOR CHARGE**

1.  Negligence or carelessness on the part of a police officer does not violate a person's constitutional rights.  The law exists to prevent arbitrary abuse of use of power and not to prevent mistakes or carelessness.  Davidson v. O'Lone, 752 F.2d 817, 838 (3rd Cir., 1984).

2.  The United States Supreme Court has resolved that all claims that law enforcement officers used excessive force in the course of an arrest should be analyzed under the Fourth Amendment objective reasonableness standard.  <u>Graham v. Connor</u>, 109 S. Ct. 1865 (1989).

3.  The reasonableness of a particular use of force must be judged with respect to a reasonable officer on the scene, rather than with a 20/20 vision of hindsight.  This reasonableness must allow for the fact that police officers are often forced to make split second judgments, in circumstances that are tense, uncertain and rapidly evolving, about the amount of force that is necessary in a particular situation.  The reasonableness inquiry in an excessive force case is an objective one.  The question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them without regard to their underlying intent or motivation.  Graham v. Connor,  109 S. Ct. 1865 (1989).

4.      When determining whether a  Police Officer's actions are "reasonable," you should avoid substituting your personal notions of proper police procedure for the instantaneous decision of the Officer at the scene.  What constitutes "reasonable" action may seem quite different to someone confronted with a situation than to someone analyzing the question at leisure.  Smith v. Freland, 954 F.2d 343 (6th Cir., 1992).  A Police Officer is required to make judgments that people do not often have to make on a daily basis, and he must often have to make them with an incomplete set of facts.  Consequently, the law has evolved in such a way as to afford the Police Officer some protection for those occasions in which he makes the wrong decision.  If a Police Officer merely acts negligently, then he is entitled to a judgment in his favor.  Daniels v. Williams, 106 S. Ct. 668 (U.S. 1986).  If you find that the Officers acted negligently, regardless of the resulting harm, you must still find in their favor.  Anderson v. Creighton, 479 U.S. 808 (1987).

5. "An Officer on the beat is not expected to have and apply the knowledge of a constitutional scholar, whose stock in trade is giving concrete application to lofty, abstract legal principles…Rather, he must act in accordance with what a reasonable Officer "should or should not know about the law he is enforcing." <u>Babb v. Dorman</u>, 33 F.3d 472, 479 (5th Cir.)

6.  In this case, you have determine whether or not the officers used excessive or unreasonable force in the arrest and detainment of Candace Ray.  If you find that the use of force was reasonable, and in accordance with the standards that I will instruct you, then you may not award any damages against the police defendants in this lawsuit.  <u>City of Los Angeles v. Heller</u>, 106 S. Ct. 1571, 1573 (if a person has suffered no constitutional injury at the hands of the individual defendant police officer, the fact that the department regulation may have authorized the use of some unconstitutional practice, is not relevant).

7.      The right to make an arrest necessarily carries with it the right to use some degree of physical coercion or the threat thereof to effect it.  The reasonableness of this force requires careful attention to the facts and circumstances of each particular case, these facts may include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers and others, and whether he is actively resisting arrest or attempting to evade arrest by flight.  Graham v. Connor, 109 S.Ct. 1865 (1989).

8.       No one has a right to resist the arrest of a uniformed police officer even if he believes the arrest was unlawful, or even if the arrest actually was unlawful.  18 Pa. C.S.A. §505(b)(1)(i).  In this case, you are instructed as a matter of law that the arrest was lawful.

9.      An officer's evil intention will not make a Fourth Amendment violation out of an objectively reasonable use of force, nor will an officer's good intention make an objectively unreasonable use of force constitutional.  Graham v. Connor, supra, See, Scott v. United States, supra at 138, citing United States v. Robinson, 414 U.S. 218 (1973).

10.     The Constitution recognizes a broad range of reasonableness.  It is only when an officer's actions become objectively unreasonable under the circumstances and facts confronting the officer at the time, without regard to its underlying motivation, that liability may be imposed.  <u>Mosely v. Wilson</u>, 102 F.3d 85, 95 (3rd Cir. 1986).

11.    The Fourth Amendment does not require police officers to use the least intrusive or even less intrusive alternatives in the use of force. The only test is whether what the police officers actually did was reasonable.  Illinois v. Lafayette, 462 U.S. 640, 647 (1983).

12.     The Commonwealth of Pennsylvania has enacted a statute governing the use of force by police officers.  The pertinent portion of the statute states as follows:

18 P.S. §508 – Use of Force in Law Enforcement

(a)   Police officer's use of force in making arrests

> (1)  a police officer, or any person who has assumed or is directed to assist him, need not retreat or desist from its efforts to make a lawful arrest because of the resistance or threatened resistance to the arrest.  He is justified in the use of any force which he believes is necessary to effect the arrest and any force which he believes to be necessary to defend himself or another from bodily harm while making the arrest…

13.     A municipality may not be held liable under Section 1983 unless the plaintiff can identify a custom or policy that caused the injury.   Pembaur v. Cincinnati, 475 U.S. 569, 106 S. Ct. 1292.  The policy which gives rise to a liability case cannot be established by merely identifying the policymaker's conduct that is attributable to the municipality.   The plaintiff must also demonstrate that through its deliberate conduct, the municipality was the moving force behind the injury alleged.  That is, the plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of a federal right.  Board of County Commissioners of Bryan County v. Brown, 117 S. Ct. 1382, 1997.

14.    If you find that the plaintiff has suffered no constitutional injury at the hands of the municipal employee, the police officers, then Abington Township cannot be held liable. Without individual wrongdoing, there is no municipal liability.  City of Los Angeles v. Heller, 475 U.S. 769 (1986); Andrews v. City of Philadelphia, 895 F.2d 1469, 1481 (3rd Cir., 1990).

A municipality can be held liable under §1983 only if the plaintiff proves (1) the existence of a custom policy or practice of the municipality which is of such longstanding use to have the force of law,  and (2) that the municipal employee violates the plaintiff's civil rights while acting pursuant to this custom policy or practice.  Monell v. Department of Social Services, 436 U.S. 658, 691-695 (1978).

15.   Liability against a municipality may not be based on the actions of its employees, but only upon the enforcement of a municipal policy or practice that deprives the plaintiff of a federally protected right.   <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978).

16.    As to plaintiff's state law claims for assault and battery, defendants may not be found liable unless you find that their conduct rose to the level of willful misconduct.  "Willful misconduct means that the actor desired to bring about the result that followed, or that he was aware that it was substantially certain to follow."  Simmons v. Township of Moon, 601 A.2d 425 (Pa. Cmwlth. 1991).  It requires more than a finding of gross negligence or recklessness. Williams v. City of Philadelphia, 569 A.2d 419 (Pa. Cmwlth. 1990).  It requires actual prior knowledge of the harm.   McNeil v. City of Easton, 598 A.2d 638 (Pa. Cmwlth. 1991).

Therefore, in order to you to find that the defendants' conduct constituted willful misconduct, you must find that the defendants specifically intended to cause injury to plaintiff or were aware that plaintiff's injuries were substantially certain to ensue.

17.     A Police Officer, however, may use reasonable force to prevent interference with the exercise of his authority or the performance of his duties.  In making a lawful arrest, a Police Officer may use such force as is necessary under the circumstances to effectuate the arrest.  The reasonableness of the force used in making the arrest determines whether the Police Officer's conduct constitutes an assault and/or battery.  If you find, therefore, that the conduct of the defendant Police Officers consisted merely of the use of force necessary to accomplish a lawful arrest, the plaintiff cannot prevail on his claim of assault and/or battery or intentional infliction of emotional distress.  Renk v. City of Pittsburgh, 641 A.2d 289 (Pa. 1994).

18.    Defendants contend that they are entitled to qualified immunity.  The inquiry into qualified immunity is a two-step process.  The first step requires initial inquiry as to whether or not the alleged facts, as you find them, show that the Officers' conduct violated a constitutional right.  If they did not violate a constitutional right, that ends the inquiry and you must find in favor of the defendants.

The second step is only if you determine that based on the facts as you have interpreted them, a constitutional right was violated.  Then the next step is whether the right was clearly established.  The relevant inquiry into this is whether it would be clear to a reasonable Officer that his conduct was unlawful in the situation confronted.  The Officers, however, might still be immune, if they made a mistake and if this mistake was reasonable under the circumstances.

Saucier v. Katz, 121 S. Ct. 2151 (U.S. 2001)

19.    There are state claims which were brought against the individual Officers.  In an action against an employee or municipality (such as a Police Officer) for damages on account of injuries to a person arising from the Officer's performance of his duties, that Officer is entitled to official immunity where the conduct of the Officer which gave rise to the claim was authorized or required by law or that he in good faith reasonably believed the conduct was authorized or required by law or the acts of the Officer which gave rise to the claim was within the discretion granted to the employee by law.  42 Pa. C.S.A. §8546.

Furthermore, even if you should find that the Officers were negligent in their handling of Candace Ray, you still must find in their favor as there is no liability under either Federal or State Law for negligent conduct.

Furthermore, a Police Officer is entitled to official immunity, unless it is judicially determined that the acts caused an injury and that the acts of the employees (Police Officers) which caused the injury, constituted a crime, actual fraud, actual malice or willful misconduct. 42 Pa. C.S.A. §8550.

20.    Simply because you are charged with respect to damages that are theoretically recoverable under any lawsuit, does not imply that the plaintiff is entitled to any recovery or damages or that you should find in favor of the plaintiff with regard to liability.  If, in your deliberations, you find that the defendants are not liable to the plaintiff, then you need not even consider the question of damages.

21.    In civil rights cases such as the present one, you cannot award damages measured by our perception of the abstract importance or value of the constitutional right to be awarded damages.  Plaintiff must prove the need for compensation by showing actual injury caused by the actions of that particular defendant.  <u>Memphis School District v. Stachura</u>, 106 S. Ct. 2537, 2544 (1986).

22.     Plaintiff has requested an award of punitive damages.  Punitive damages are not awarded as a matter of right, no matter how egregious the conduct of the defendant.  Punitive damages are awarded to punish the individual defendant for conduct and to deter that individual defendant from the commission of like acts.  Punitive damages may be awarded only if you find that the individual defendants' conduct was intentional and motivated by an evil motive or if it involved reckless or callous indifference to a federally protected right of the plaintiff.

The amount of such extraordinary damages, when awarded, must be fixed with discretion and sound reason and must never be awarded because of any sympathy or bias or prejudice with respect to the parties' case.  <u>Smith v. Wade</u>, 102 S. Ct. 1625 (1983); <u>Conchetti v. Desmond</u>, 572 F.2d 103, 105-106 (3rd Cir., 1978).

23.  **Federal Jury Practice and Instructions**

Devitt v. Blackmar, Wolff & O'Malley, Federal Jury Practice and Instructions (4th

Edition) §103.03: Essential Elements of Plaintiff's Claim—Unlawful Police Conduct

24.   Negligent conduct may not form the basis of any claim under §1983.  <u>Daniels v. Williams</u>, 474 U.S. 327, 106 S. Ct. 662, 88 L.Ed. 2d 662 (1986).

25.  <u>Devitt v. Blackmar, Wolff & O'Malley</u>, Federal Jury Practice and Instructions (4th Edition) §72.01:  Preponderance of the Evidence

26.  <u>Devitt v. Blackmar, Wolff & O'Malley</u>, Federal Jury Practice and Instructions (4th Edition, §7301) Credibility of Witnesses, Discrepancy in Testimony

27.  <u>Devitt v. Blackmar, Wolff & O'Malley</u>, Federal Jury Practice and Instructions (4th Edition, §85.14) Damages:   Reasonable, Not Speculative

28.    **Falsus in Uno, Falsus in Omnibus** - A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason. Lee Won Sing v. Cottone, 123 F.2d 169 (D.C. Cir. 1941).

29.  <u>Devitt v. Blackmar, Wolff & O'Malley</u>, Federal Jury Practice and Instructions (4th Edition and Supp. 1993), §103.11: Municipal Liability

30.     In order to find against the Officers based upon their restraint of her after they took her into custody, you must find that given the totality of the circumstances surrounding their treatment of Candace Ray, that the force used to restrain Candace Ray was more than an overreaction, but rather, you must find that the Officers acted "maliciously and sadistically to cause harm."   Fuentes, 206 F.3d 335 at 345.


                                        MARSHALL, DENNEHEY, WARNER,
                                        COLEMAN & GOGGIN


                                        _____
                                        JOSEPH J. SANTARONE, JR., ESQUIRE
                                        Attorney for Defendants