**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
BY: Joseph J. Santarone, Jr., Esquire
ID# 45723
Suite 1002, One Montgomery Plaza
Norristown, PA  19401
(610) 292-4444

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CANDACE RAY | : Civil Action No: 02-4382 |
| v. | : |
| ABINGTON TOWNSHIP, CHIEF OF POLICE WILLIAM KELLY, POLICE OFFICER NISBET, POLICE OFFICER J. KING, POLICE OFFICER BRUCE HASLAM, OFFICER MATZ, OFFICER RAWTZ, OFFICER SCHOLL, OFFICER MANN AND ABINGTON MEMORIAL HOSPITAL AND MARK SHNEA | : |

## O R D E R

AND NOW, this _____ day of _____, 2004, upon consideration of moving Defendants' Motion for Reconsideration of the Court's Order of May 27, 2004, it is hereby ORDERED AND DECREED that moving Defendants' Motion is Granted and that the Court's Order of May 27, 2004 is Vacated regarding Defendant's Motion for Summary Judgment on Counts II, V and VII of Plaintiff's Amended Complaint.

BY THE COURT:

_____ J.

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** Joseph J. Santarone, Jr., Esquire
ID# 45723
Suite 1002, One Montgomery Plaza
Norristown, PA 19401
(610) 292-4444

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CANDACE RAY | : Civil Action No: 02-4382 |
| | : |
| v. | : |
| | : |
| ABINGTON TOWNSHIP, CHIEF OF POLICE | : |
| WILLIAM KELLY, POLICE OFFICER NISBET, | : |
| POLICE OFFICER J. KING, POLICE OFFICER | : |
| BRUCE HASLAM, OFFICER MATZ, OFFICER | : |
| RAWTZ, OFFICER SCHOLL, OFFICER MANN | : |
| AND ABINGTON MEMORIAL HOSPITAL AND | : |
| MARK SHNEA | : |

### DEFENDANTS, ABINGTON TOWNSHIP, CHIEF OF POLICE WILLIAM KELLY, OFFICER SHAWN NISBET, OFFICER JEANETTE KING, OFFICE BRUCE HASLAM, OFFICER JOHN MATZ, OFFICER THOMAS RAWLS, OFFICER SCOTT SCHOLL, AND OFFICER ROBERT MANZ, MOTION FOR RECONSIDERATION

Defendants, by and through the undersigned counsel, Marshall, Dennehey, Warner, Coleman & Goggin, and Joseph J. Santarone, Jr., Esquire, file this Motion for Reconsideration of the Court's May 27, 2004 Order in the above captioned matter.

1. Moving Defendants filed a Motion for Summary Judgment on or about November 5, 2003.

2. This Court entered an Order on May 27, 2004 granting in part and denying in part Defendants' Motion for Summary Judgment.

3. Specifically, moving Defendants wish to address this Court's denial of Defendants' Motion for Summary Judgment regarding Count II and Count VII of Plaintiff's Amended Complaint.

4. Count II concerns Plaintiff's allegations of civil rights violations based on a custom policy or practice employed by Abington Township under what is commonly referred to as a Monell claim.

5. Count VII concerns the Township's alleged failure to train its officers with persons afflicted with the medical conditions present with Plaintiff.

6. Additionally, moving Defendants seek reconsideration of this Court's decision on Count V of Plaintiff's Amended Complaint.

7. For the reasons more fully set forth in the Memorandum of Law, which is attached hereto and incorporated herein by reference, moving Defendants respectfully request that this Honorable Court vacate its Order of May 27, 2004 regarding Defendant's Motion for Summary Judgment on Counts II, V and VII of Plaintiff's Amended Complaint.

WHEREFORE, moving Defendants respectfully request that this Honorable Court vacate its Order of May 27, 2004 regarding Defendant's Motion for Summary Judgment on Counts II, V and VII of Plaintiff's Amended Complaint.

                                        Respectfully submitted,

                                        MARSHALL, DENNEHEY, WARNER,
                                        COLEMAN & GOGGIN


                                         s/JS1015
                                        JOSEPH J. SANTARONE, JR., ESQUIRE
                                        Attorney for Defendants
                                        Suite 1002, One Montgomery Plaza
                                        Norristown, PA   19401
                                        610-292-4444 (Phone)
                                        610-292-0410 (Fax)
                                        jsantarone@mdwcg.com
                                        PA45723

DATE: June 3, 2004
\02_A\LIAB\JCY\LLPG\622990\KZX\04108\00353

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
BY: Joseph J. Santarone, Jr., Esquire
ID# 45723
Suite 1002, One Montgomery Plaza
Norristown, PA   19401
(610) 292-4444

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CANDACE RAY | : Civil Action No: 02-4382 |
| v. | : |
| ABINGTON TOWNSHIP, CHIEF OF POLICE | : |
| WILLIAM KELLY, POLICE OFFICER NISBET, | : |
| POLICE OFFICER J. KING, POLICE OFFICER | : |
| BRUCE HASLAM, OFFICER MATZ, OFFICER | : |
| RAWTZ, OFFICER SCHOLL, OFFICER MANN | : |
| AND ABINGTON MEMORIAL HOSPITAL AND | : |
| MARK SHNEA | : |

### CERTIFICATE OF SERVICE

I, Joseph J. Santarone, Jr., Esquire, do hereby certify that a true and correct copy of my Motion for Reconsideration was electronically filed with the Court on  June 3, 2004  and is available for viewing and downloading from the ECF System.

                                    MARSHALL, DENNEHEY, WARNER,
                                    COLEMAN & GOGGIN

                                     s/JS1015
                                    JOSEPH J. SANTARONE, JR., ESQUIRE
                                    Attorney for Defendant
                                    Suite 1002, One Montgomery Plaza
                                    Norristown, PA   19401
                                    610-292-4444 (Phone)
                                    610-292-0410 (Fax)
                                    jsantarone@mdwcg.com
                                    PA45723

DATE:  June 3, 2004

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** Joseph J. Santarone, Jr., Esquire
ID# 45723
Suite 1002, One Montgomery Plaza
Norristown, PA 19401
(610) 292-4444

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CANDACE RAY | : Civil Action No: 02-4382 |
| | : |
| v. | : |
| | : |
| ABINGTON TOWNSHIP, CHIEF OF POLICE WILLIAM KELLY, POLICE OFFICER NISBET, POLICE OFFICER J. KING, POLICE OFFICER BRUCE HASLAM, OFFICER MATZ, OFFICER RAWTZ, OFFICER SCHOLL, OFFICER MANN AND ABINGTON MEMORIAL HOSPITAL AND MARK SHNEA | : : : : : : : |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS, ABINGTON TOWNSHIP, CHIEF OF POLICE WILLIAM KELLY,**
**OFFICER SHAWN NISBET, OFFICER JEANETTE KING, OFFICE BRUCE HASLAM,**
**OFFICER JOHN MATZ, OFFICER THOMAS RAWLS, OFFICER SCOTT SCHOLL,**
**AND OFFICER ROBERT MANZ, MOTION FOR RECONSIDERATION**

**I.    PROCEDURAL BACKGROUND**:

This Court issues an Order and Memorandum of Law dated May 27, 2004 in which it granted in part and denied in part moving Defendants' Motion for Summary Judgment. The Court denied summary judgment as it pertains to Counts II, V and VII of Plaintiff's Amended Complaint. Moving Defendants seek this Court's reconsideration of its Order pertaining to these issues.

II.  **STANDARD OF REVIEW**:

"A federal district court has the inherent power to reconsider Orders when it is consonant with justice to do so. The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." American Guaranty and Liability Ins. Co. v. Fojanini, 99 F.Supp.2d 558, 560-61 (E.D. of Pa. 2000).

In the present case, this Court's May 27, 2004 Order contains errors of law, which merit reconsideration or, in the alternative, clarification.

III. **ARGUMENT:**

  A. **Plaintiff Has Failed To Demonstrate A Constitutional Violation Pursuant To A Custom, Policy Or Practice Of Abington Township**

Count II of Plaintiff's Amended Complaint asserts a claim pursuant to 42 U.S.C. §1983 for violation of plaintiff's Civil Rights. Specifically, plaintiff has alleged violations of her rights by Abington Township.

The United States Supreme Court in Monell v. Department of Social Services, 436 U.S. 658 (1978), held that a Civil Rights Complaint against a municipality or its agency must allege:

> (1) the existence of a custom or policy of the municipality, which is of such longstanding to have the force of law; and
>
> (2) that one of the municipality's employees violated the plaintiff's Civil Rights while acting pursuant to this custom or policy.

Id. at 691-695.

The burden placed upon a plaintiff attempting to prove a Monell case is that they must come forth with evidence pointing directly to an official municipal policy, which caused the alleged constitutional tort. Id. A policy is an official proclamation, policy or edict made by a decision maker with final authority to establish municipal policy.

Customs are practices of state officials so permanent and well-settled as to virtually constitute law. Berg v. County of Allegheny, 219 F.3rd 261, 275 (3rd Cir., 2000).

Plaintiff, in her Reply to Defendants' Motion for Summary Judgment, failed to point to a policy or a custom or practice of state officials, in this case, Abington Township Police officials, that was so permanent and well-settled as to virtually constitute law. Plaintiff did not take the deposition of any Supervisor or Officer of authority with decision making authority in order to establish her Monell claim against the township. Moreover, she did not point to any prior instances of constitutional violations that were so permanent and well-settled as to constitute a custom or practice. What she relies upon is exclusively her own testimony and that of John Grob's. There is nothing in the record and plaintiff has no evidence which she can come forward with, which demonstrates that there has been the establishment of a custom, policy or practice designed to violate her Civil Rights. She hasn't even come forward with any evidence that would allow this Court to draw any reasonable inference in favor of an argument that a Monell violation has been properly alleged, let alone established.

The Court, in its Opinion, states that "there are several practices alleged by the plaintiff that if proven to be a custom of established and condoned by Abington Township, would subject the township to liability." (Memorandum of Law, page 6, May 27, 2004). Moving defendants contend that plaintiff has the burden of proving a custom, policy or practice and directing this Court in her Reply to Defendants' Motion for Summary Judgment to that particular custom or practice. It has not been proven, it has only been speculated and alleged. The United States Supreme Court decision of Monell and its progeny make it clear that there must be some clear

evidence produced by the plaintiff, which supports the allegation of a Monell claim. It cannot be mere allegations. It must be deposition testimony from a decision maker or supervising officer with final authority.

It could also be evidence of prior instances in which similar actions were taken related to the present allegations. Plaintiff has presented none of this evidence nor taken appropriate discovery to support these claims. Plaintiff has only provided scant evidence in the form of witness testimony, which clearly does not rise to the level of sufficient evidence to demonstrate that a custom, policy or practice exists or has existed in Abington Township.

This Court has held that a custom, policy or practice be established by evidence of knowledge and acquiescence, i.e., "that policymakers were aware of similar unlawful conduct in the past, but failed to take precautions against future violations, and that this failure, at least in part, led to their injury." Proof of the mere existence of an unlawful policy, however, is not enough. In order to sustain a claim for municipal liability under §1983, a plaintiff must show with evidence, the municipal practice was the proximate cause of his injury. Bielevicz v. Dubinon, 915 F.2d 845, 850-851 (3rd Cir., 1990). [1]

As previously stated, the plaintiff has not presented any deposition testimony or documentary evidence demonstrating the existence of a custom, policy or practice designed to violate plaintiff's Civil Rights or evidence demonstrating official awareness of previous similar events. In both Bielevicz, 915 F.2d at 852 and Beck v. City of Pittsburgh, 89 F.3d 966, 973-75 (3rd Cir., 1996), the Courts noted that testimony of Police Chiefs and Officers with final decision making authority, which could support a jury inference of a long established custom; and/or

---

[1] This Court has ruled on numerous Monell claims in other cases, ruling that insufficient evidence was grounds to grant a motion for summary judgment. See Walker v. City of Philadelphia, 2004 U.S. Dist. LEXIS 4330 (Feb. 27, 2004); Parent v. Roth, 2001 U.S. Dist. LEXIS 16840 (Oct. 17, 2001); and Porter v. Montgomery County Correctional Facility, 2000 U.S. Dist. LEXIS 10758 (Aug. 3, 2000).

previous complaints of a similar nature and a deficient investigation, to support a longstanding custom, policy or practice designed to violate plaintiff's Civil Rights. The problem, however, with Plaintiff's Reply is that she has provided no evidence to support her <u>Monell</u> claim and it is clear that scant evidence in the form of witness testimony is insufficient to support a §1983 <u>Monell</u> claim against Abington Township.

Accordingly, moving defendants respectfully request that this Honorable Court vacate its Order of May 27, 2004 and enter judgment as a matter of law as it pertains to Count II of Plaintiff's Amended Complaint in relation to moving defendants.

**B. Plaintiff Has Failed To Demonstrate A Failure To Train On The Part Of Abington Township As Contained In Count VII Of Her Amended Complaint**

Count VII of Plaintiff's Amended Complaint alleges violations against defendants, Chief William Kelly and Abington Township for failure to properly train its Police Officers.

An allegation of failure to train on the part of a municipality is an extension of a §1983 <u>Monell</u> claim. As previously stated, a government policy or custom can be established in two ways. A policy is made when a "decision maker possesses final authority to establish municipal policy with respect to the action" issues and official proclamation, policy or edict. <u>Penbauer v. City of Cincinnati</u>, 475 U.S. 469, 481 (1986). A course of conduct is considered to be a custom when, though not authorized by law, such practices of state officials are so permanent and well settled as to virtually constitute law." <u>Monell</u>, 436 U.S. at 690. In either case, a plaintiff must show that a policymaker is responsible either for the policy, or through acquiescence, for the custom. <u>Andrews v. City of Philadelphia</u>, 895 F.2d 1469, 1480 (3rd Cir., 1990).

<u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 388 (1989) expanded the basis for municipal liability to include inadequate police training. To recover under a failure to train theory, plaintiff must show that (1) the failure to train amounted to a deliberate indifference to

the rights of person with whom the police come in contact; and (2) the municipality's policy actually caused a constitutional injury. Id. at 389-390. For the failure to train to constitute deliberate indifference, the failure must reflect a deliberate or conscious choice made by municipal policy makers. Id.

A plaintiff advancing a failure to train claim must show that the inadequacies in the training program bear a causal relationship to the ultimate injury. Id. at 391. The Supreme Court has instructed:

> "For liability to attach in this circumstance, the identified deficiency in a city's training program must be closely related to the ultimate injury…The plaintiff must still prove that the deficiency in training actually caused the constitutional injury. Would the injury have been avoided had the employee been trained under a program that was not deficient in the identified respect?"

Id.

This Court has noted "the scope of a failure to train liability is a narrow one." Bradshaw v. Township of Middletown, 296 F. Supp. (Second) 526, 548 (D.N.J. 2003). A plaintiff pressing a §1983 claim must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred. Reitz v. County of Bucks, 125 F.3rd 139, 145 (3rd Cir., 1997).

In the present case, plaintiff has failed to identify any specific training by Abington Township, which was in fact deficient and that particular deficiency in the training is the precise causal nexus with her injuries. As stated above, plaintiff has failed to take the deposition of any Officers in command or decision makers with final authority so as to probe the issue of training or more importantly, a failure of training that taken to its conclusion reflects a deliberate

indifference to plaintiff's needs.  Plaintiff's failure to train allegations, are almost entirely conclusory and certainly, she presents no evidence to sufficiently prove a claim against Abington Township on a failure to train/§1983 Monell cause of action.

The Court in its Order and Opinion dated May 27, 2004, contends that plaintiff has provided enough evidence that if believed by a Jury may substantiate her Civil Rights claim.  Respectfully, moving Defendants do not believe plaintiff has provided enough evidence to substantiate her Civil Rights claims, but he has also failed to point to any training, deficiency in that training, and a causal nexus between the alleged deficiency in the training that resulted in the alleged Civil Rights violation.  The testimony that she cites to in her Brief and which the Court relies upon is insufficient under the law to establish a failure to train policy.  Plaintiff has provided no evidence in the form of documented policies or procedures on the part of Abington Township, or training procedures, or deposition testimony from Supervisors and decision makers with final authority regarding training that would support her failure to train cause of action.

Respectfully, moving Defendants request that this Honorable Court vacate its Order and enter judgment as a matter of law on behalf of moving Defendants as it pertains to Count VII of Plaintiff's Amended Complaint.

### C. Moving Defendants Are Entitled To Qualified Immunity As It Pertains To Count V Of Plaintiff's Amended Complaint

This Court states on page 9 of its Memorandum that defendants did not address this Count in their Motion for Summary Judgment and therefore, the Count stands.  Respectfully, moving defendants disagree with this assessment as they believe the issues addressed in Count V of Plaintiff's Amended Complaint are easily dismissed under the granting of qualified immunity to defendants for their actions in this case.  In their Memorandum of Law in Support of their Motion for Summary Judgment, moving defendants argue at length that the Officers were

entitled to qualified immunity as it pertains to the actions they took in this matter. Those actions clearly constitute many facts or circumstances related to any alleged illegal search and seizure of the plaintiff. As defendants pointed out in their Memorandum of Law, it is plaintiff's own admission in her deposition that she interrupted the proceeding before Magistrate Juanita Price. She was asked to leave the Courtroom and complied. She later returned to Magistrate Price's office and parked her car outside. She also acknowledges in her Amended Complaint that as Officer Nesbitt approached the car, the car moved forward knocking Officer Nesbitt to the ground. It is clear that the actions taken by moving defendants concerning the seizure and arrest of plaintiff were lawful and proper at all times and under all circumstances. There has been no violation of clearly established laws in any events which form the basis of this lawsuit and as it relates to Count V of Plaintiff's Amended Complaint, moving defendants respectfully request that this Honorable Court enter judgment as a matter of law and conclude that defendants are entitled to qualified immunity for their actions.

WHEREFORE, moving Defendants respectfully request that this Honorable Court vacate its Order of May 27, 2004 and enter judgment as a matter of law as it pertains to Counts II, V and VII of Plaintiff's Amended Complaint.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

 s/JS1015
JOSEPH J. SANTARONE, JR., ESQUIRE
Attorney for Defendant
Suite 1002, One Montgomery Plaza
Norristown, PA   19401
610-292-4444 (Phone)
610-292-0410 (Fax)
jsantarone@mdwcg.com
PA45723

DATE:  June 3, 2004