**EXHIBIT "E"**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CANDACE RAY | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | 02-CV-04382 |
| v. | : | |
| | : | |
| ABINGTON TOWNSHIP, | : | |
| CHIEF OF POLICE WILLIAM KELLY, | : | |
| POLICE OFFICER NISBET, S., | : | |
| POLICE OFFICER J. KING, | : | |
| POLICE OFFICER BRUCE HASLAM, | : | |
| POLICE OFFICER MATZ, | : | |
| POLICE OFFICER RAWTZ, | : | |
| POLICE OFFICER SCHOLL, | : | |
| POLICE OFFICER MANN, | : | |
| ABINGTON MEMORIAL HOSPITAL, and | : | |
| MARK SCHNEE | : | |
| | : | |
| Defendants | : | |
| | : | |

## MOTION FOR BINDING INSTRUCTIONS AND POINTS
## FOR CHARGE ON BEHALF OF DEFENDANTS,
## ABINGTON MEMORIAL HOSPITAL AND MARK SCHNEE

Defendants, Abington Memorial Hospital and Mark Schnee, request the Court charge the

jury with the following instructions/points for charge in the above matter as follows:

**I.    APPLICATION OF SUBSTANTIVE LAW**

Plaintiff, Candace Ray, has filed the instant action in the United States District Court for

the Eastern District of Pennsylvania because federal claims have been asserted.  The action also

sets forth claims for violation of the Pennsylvania Mental Health Procedures Act (50 P.S. §7101

et. seq.).  To the extent that the subject matter jurisdiction of this Court is based on Plaintiff's

federal claims, the Court must apply federal substantive law.  However, the state law claims are

governed by state substantive law pursuant to <u>Erie Railroad Company v. Tompkins</u>, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

At the heart of the *Erie* Doctrine is the rule directing federal courts, such as the Court in the instant case, to apply the substantive law that the state court would have used were it to hear the case. It is for this reason that the law cited herein with respect to Plaintiff's claims for violation of the Pennsylvania Mental Health Procedures Act is the substantive law that governs an action under that Statute in the Commonwealth of Pennsylvania, and is the law that would be utilized by the Pennsylvania Court of Common Pleas, were it to hear this case. <u>See, Erie Railroad Company v. Tompkins</u>, <u>see also</u>, <u>Rotella v. Pederson</u>, 144 F. 3rd 892 (5th Cir. 1998).

**<u>DIRECTED VERDICT</u>**

      1.      Under all the evidence and the law applicable thereto, your verdict must be in

favor of Defendants, Abington Memorial Hospital and Mark Schnee.  F.R.C.P. 50 (a).

## MULTIPLE PARTIES

2.    In this case there are several different parties representing separate and distinct claims.  The law permits joining these claims for trial because they arise out of the same subject matter.  Although these different claims will be tried together, each is separate from the others, and each party is entitled to have you consider each claim separately as you would if each claim had been tried before you separately.

Pa.S.S.J.I. (Civ.) §1.03

You must consider the evidence as it relates to each Defendant and decide if that individual Defendant should be liable to the Plaintiff.  If you decide that only one Defendant's actions was the sole cause of Plaintiff's injuries, your verdict must be against only that Defendant and in favor of the other Defendants.

## BURDEN OF PROOF

3.      In civil cases such as this one, Plaintiff has the burden of proving those contentions which entitles her to relief.  When Plaintiff has the burden of proof on a particular issue, her contention on that issue must be established by a fair preponderance of the evidence.  The evidence establishes a contention by a fair preponderance of the evidence if you are persuaded that it is more probably accurate and true than not.  To put it another way, think, if you will, of an ordinary balance scale with a pan on each side.  Onto one side of the scale place all of the evidence favorable to the Plaintiff; onto the other side of the scale place all of the evidence favorable to Defendants.  If, after considering the comparable weight of the evidence, you feel that the scales tip ever so slightly or to the slightest degree in favor of Plaintiff, you must decide those damage issues for the Plaintiff.  If the scales tip in favor of the Defendants or are equally balanced, your finding on those damage issues must be for the Defendants.  Pa. SSJI (Civ.) §5.50.

**NO PRESUMPTION OF LIABILITY**

4.    The mere fact that Plaintiff has started a lawsuit against Defendants and demanded damages is not enough to entitle Plaintiff to prevail against Defendants.  Steiner vs. Pittsburgh Railways Co., 415 Pa. 549, 204 A.2d 254 (1964).

## NO PRESUMPTION OR INFERENCE OF BREACH OF CONFIDENTIALITY

5.    There is no presumption that Defendants, Abington Memorial Hospital and Mark Schnee breached the confidentiality provisions of the MHPA and a breach may not be inferred merely because Plaintiff has brought suit and contends that the Defendants breached the confidentiality provisions of the Act.

## BURDEN OF PROOF - LIABILITY

6.      The burden of proof is on the Plaintiff to prove by a fair preponderance of the credible evidence that any injuries sustained were caused by the actions of one or more of the Defendants, and that those actions were a proximate cause of those injuries.  Thus, if you hesitate or are doubtful as to whether your verdict should be in favor of the Plaintiff concerning the cause of her injuries, then the Plaintiff has failed to satisfy you by the fair preponderance of the evidence that her contentions are correct and you must, therefore, find in favor of Defendants.

**CAUSATION**

      7.     Even if you find that Defendants, Abington Memorial Hospital and Mark Schnee breached the confidentiality provisions of the MHPA, it is not enough to hold any Defendant liable unless that Defendant's specific conduct was a substantial factor in bringing about the injury complained of. Hamil v. Bashline, supra.; Menarde v. Philadelphia Transportation Company, 376 Pa. 497, 103 A.2d 681 (1954); Mitzelfelt v. Kamrin, 526 PA. 54, 584 A.2d 888 (1990).

## IMMUNITY FROM LIABILITY FOR ORDINARY NEGLIGENCE

8.    In this case, the Defendants are immune from liability for the consequences of

their actions under the MHPA except those involving gross negligence or wilful misconduct.  50

P.S. §7114; Farago v. Sacred Heart General Hospital, 522 Pa. 410, 562 A.2d 300 (1989); Bloom

v. Dubois Regional Medical Center, 597 A.2d 671 (Pa. Super. 1991).  See also, Court's Opinion

of May 25, 2004 determining the Motion for Summary Judgment of the Defendants.

## GROSS NEGLIGENCE

9.      The term gross negligence means a form of negligence where the facts support substantially more than ordinary carelessness, inadvertence, laxity or indifference.  The behavior of the Defendant must be flagrant, grossly deviating from the ordinary standard of care.  Bloom v. Dubois Regional Medical Center, 597 A. 2d 671 (Pa. Super. 1991).

If you find that Abington Memorial Hospital and Mark Schnee were merely negligent in their conduct with respect to the Plaintiff, and that their actions did not rise to the level of gross negligence, then you must find in favor of the Defendants, Abington Memorial Hospital and Mark Schnee.  See also, Court's Order of May 25, 2004 determining the Motions for Summary Judgment of the Defendants.

## GROSS NEGLIGENCE

10.    I instruct you that as a matter of law, a mere mistake in judgment does not even constitute ordinary negligence, and therefore cannot, as a matter of law, rise to the level of gross negligence.  <u>Albright v. Abington Memorial  Hospital</u>, 548 Pa. 268, 696 A.2d 1159, 1167 (1997).

## **GROSS NEGLIGENCE**

11.    Even if you find that another crisis clinician or hospital would have acted differently if faced with the same situation, that is not enough to find that the Defendants, Abington Memorial Hospital and Mark Schnee are liable.

## WILLFUL MISCONDUCT – DEFINITION

12.    Wanton misconduct is something different from negligence however gross, different not merely in degree but in kind, and evidencing a different state of mind on the part of the tortfeasor.  Negligence consists of inattention to inadvertence, whereas wantonness exists where the danger to the Plaintiff, though realized, is so recklessly disregarded that, even though there be no actual intent, there is at least a willingness to inflict injury, a conscious indifference to the perpetration of the wrong.  Bloom v. Dubois Regional Medical Center, 597 A.2d 671 (Pa. Super. 1991), citing Kasanovich v. George, 34 A. 2d 523 (1943); See also, Krivijanski v. Union Railroad Co., 515 A.2d 933 (1986).

If you find that Abington Memorial Hospital and Mark Schnee were merely negligent and that their actions did not rise to the level of willful or wanton misconduct, then you must find in favor of the Defendants, Abington Memorial Hospital and Mark Schnee.  See also, Court's Opinion of May 25, 2004 determining the Motion for Summary Judgment of the Defendants.

## WITNESS CREDIBILITY

13.     You must consider and weigh the testimony of each witness and give it such weight as in your judgment it is fairly entitled to receive.  The matter of the credibility of a witness, that is, whether his or her testimony is believable in whole or in part, is solely for your determination.  I will mention some of the factors which might bear on such determination; whether the witness has any interest in the outcome of the case or has friendship or animosity toward other persons concerned in the case; the behavior of the witness on the witness stand and his or her demeanor; his or her manner of testifying and whether he or she shows any bias or prejudice which might color his or her testimony; the accuracy of his or her memory and recollection; his or her ability and opportunity to acquire knowledge of or to observe the matters concerning which he or she testifies; the consistency or inconsistency of his or her testimony as well as its reasonableness or unreasonableness in the light of all the evidence in the case.

Pa. SSJI (Civ.) §1.00.

## WITNESS - CREDIBILITY

14.    You may find that there are some discrepancies in the testimony.  Any innocent misrecollection, like a failure of recollection, is not an uncommon experience.  In weighing the effective discrepancies, consider whether it pertains to a matter of importance or to unimportant details; consider whether it results merely from an innocent error, from a willful falsehood or from a lack of knowledge of the subject.

You may find inconsistencies in the evidence.  Contradictions in the testimony of witnesses do not necessarily mean that any witness has been willfully false.  Poor memory is not uncommon. Sometimes a witness forgets; sometimes he remembers incorrectly.  It is also true that two persons witnessing an incident may see or hear it differently.

If different parts of the testimony of any witness or witnesses appear to be inconsistent, you should try to reconcile the conflicting statements, whether of the same or of different witnesses, and you should do so if it can be done fairly and satisfactorily.

Pa. SSJI (Civ.) §5.04.

## WITNESSES - IMPEACHMENT

15.    A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time, the witness said or did something or failed to say or do something, which is inconsistent with the witness' testimony.  If you believe that any witness has been impeached and thus discredited, it is within your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

## NUMBER OF WITNESSES

16.    The number of witnesses offered by one side or the other does not, in itself, determine the weight of the evidence.  It is a factor, but only one of many factors which you should consider. Whether the witnesses appear to be biased or unbiased; whether they are interested or disinterested persons, are among the important factors which go to the reliability of their testimony.  The important thing is the quality of the testimony of each witness.  In short, the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence; but which witness or witnesses, and which evidence, you consider most worthy of belief.  Even the testimony of one witness may outweigh that of many, if you have reason to believe his testimony in preference to theirs.  Obviously, however, where the testimony of the witnesses appear to you to be of the same quality, the weight of numbers assumes particular significance.

Pa. SSJI (Civ.) §5.03.

## EXPERT WITNESSES

      17.     I will now instruct you about the expert witnesses who testified in this case.

Witnesses who, by education and experience, have become expert in some art, science,

profession, or calling, may state their opinions as to relevant and material matters, in which they

profess to be experts.  You should consider each expert opinion received in evidence in this case,

and give it such weight as you may think it deserves.  You are not bound by an expert's opinion

merely because he is an expert; you may accept or reject it, as in the case of other witnesses.

Give it the weight, if any, you think it deserves.

Pa. SSJI (Civ.) §5.30.

## EXPERT WITNESSES

18.    In general, the opinion of an expert has value only when you accept the facts upon which it is based.  This is true whether the facts are assumed hypothetically by the expert, come from his personal knowledge, from some other proper source or from some combination of these. Pa. SSJI (Civ.) 5.31.

## CREDIBILITY - EXPERTS

19.    In resolving any conflict that may exist in the testimony of expert witnesses, you are entitled to weigh the opinion of one expert against that of another.  In doing this, you should consider the relative qualifications and reliability of the expert witnesses, as well as the reasons for each opinion and the facts and other matters upon which it is was based.

Pa. SSJI (Civ) §5.33.

## EXPERTS - HYPOTHETICAL QUESTIONS

20.     Questions have been asked in which an expert was invited to assume that certain facts were true and to give an opinion based upon that assumption.  These are called hypothetical questions.  If you find that any material facts assumed in a particular hypothetical question have not been established by the evidence, you should disregard the opinion of the expert given in response to that question.  By material fact, we mean one which was important to the expert in forming his opinion.  Pa. SSJI (Civ.) 5.32

**CREDIBILITY - EXPERTS**

     21.    All that I have explained to you about impeachment of witnesses also applies to expert witnesses. If you find the expert's testimony less than credible, you may disregard all or part of that testimony according to your assessment of its truth.

     You may also disregard the opinion of any expert where you believe the opinion flies in the face of your good common sense, knowledge and experience.

## **IRRELEVANT CONSIDERATIONS**

22.     Neither sympathy for, nor prejudice against, any party should influence your deliberations.  You should not be influenced by anything other than the law and the evidence of the case.  All the parties stand equally before the Court, and each is entitled to the same fair and impartial treatment at your hands.  Pa. SSJI (Civ.) §20.00.

## DAMAGES - CAUTIONARY INSTRUCTION

23.     Because I will now charge you on the law with respect to damages, I want to caution you that this charge should not be taken by you as an indication that the Plaintiff should or should not recover in this case.  Rather, I charge you as to damages simply because if you, the members of the jury, conclude that Plaintiff is entitled to recover, I want you to have the proper elements of damage to consider.  If, in your deliberations, you find that the Defendants are not liable to the Plaintiff, then you need not even consider the question of damages.

**DAMAGES**

24.    In determining the amount of damage, there should be no attempt by you to punish the Defendants and your verdict should be founded on the evidence and not influenced by sympathy or prejudice against any party.  <u>Murray v. Philadelphia Transportation Company</u>, 359 Pa. 69, 58 A.2d 323 (1948).

## **DAMAGES**

25.    The Plaintiff has the same burden of proof with respect to damages as with respect to liability.  She must establish his damages with a fair preponderance of the credible, believable evidence.

## **DAMAGES**

26.    Whatever damages you find must be based upon reasonable certainty, and you cannot estimate damages on the basis of mere conjecture or speculation. Baccare v. Mennella, 246 Pa. Super. 53 (1976); Lorch v. Eglin, 369 Pa. 314, 85 A.2d 841 (1952).  Damages which are uncertain, contingent or speculative are not recoverable.  Burly Construction Co. v. Commonwealth Department of Justice, 4 Pa. Cmwlth. 46, 284 A.2d 841 (1971); Weinglass v. Gibson, 304 Pa. 203, 155 A.2d 439 (1931).

## **DAMAGES**

      27.     All claimed losses need not be accepted by you-only those that are fair, reasonable and necessary.  Those that are doubtful, speculative or which may never be incurred may be rejected by you.

## DAMAGES - PUNITIVE

28.     Plaintiff in this case has claimed punitive damages against the Defendants.  I will now charge you on the law with respect to punitive damages, but I want to caution you that this charge should not be taken by you as an indication that the Plaintiff should or should not recover punitive damages, but rather I charge you as to punitive damages simply because if you, the members of the jury, conclude that Plaintiff is entitled to recover punitive damages, I want you to have the proper elements of punitive damages to consider.  If, in your deliberations, you find that the Defendants are not liable to the Plaintiff, then you need not even consider the question of punitive damages.

## DAMAGES – PUNITIVE (PA LAW)

29.    Punitive damages are separate and distinct from compensatory damages.  Punitive damages are awarded only under limited circumstances and for the purpose of punishing a Defendant.  Punitive damages may be awarded only for conduct that is outrageous, because of the Defendant's evil motive or his reckless indifference to the rights of others.  Bannar v. Miller, 701 A.2d 232 (1997); Feld v. Merriam, 506 Pa. 383, 485 A.d 742 (1984); Chambers v. Montgomery, 411 Pa. 339, 191 A.2d 355 (1963).  Punitive damages can be awarded only where the conduct of the Defendant is malicious, wanton, reckless, willful or oppressive.  Bannar, supra; Feld, supra.; Martin v. Johns-Manville, 494 A.2d 1088 (1985).

## DAMAGES – PUNITIVE (PA LAW)

30.    In considering the question of awarding punitive damages one must look to "the act itself together with all the circumstances, including the motive of the wrongdoers and the relations between the parties" Moran v. G. & W.H. Corson, 402 Pa. Super. 101; 586 A.2d 416 (1991); Feld, supra; Chambers, supra; Martin, supra.

## DAMAGES – PUNITIVE (PA LAW)

    31.     When awarding punitive damages, the state of mind of the actor is vital. The act or failure to act must be intentional, reckless or malicious. If not, punitive damages cannot be awarded. <u>Bannar</u>, <u>supra</u>; <u>Feld</u>, <u>supra</u>.

## DAMAGES – PUNITIVE (PA LAW)

32.      Since the purpose of punitive damages is not compensation of the Plaintiff but punishment to the Defendants and deterrence, these damages can be awarded only for conduct for which this remedy is appropriate, which is to say, conduct involving some element of outrage similar to that usually found in crime.  The conduct must be outrageous, either because the Defendants' acts are done with an evil motive or because they are done with reckless indifference to the rights of others.  Punitive damages may not be awarded for mere inadvertence mistake, errors of judgment and the like, which constitute ordinary negligence.  Restatement of Torts 2nd §908, Comment B; Feld, supra.

## DAMAGES – PUNITIVE (PA LAW)

33.    Reckless misconduct differs from negligence in several important particulars.  It differs from that form of negligence which consists a mere inadvertence, incompetence, unskillfulness, or the failure to take precautions for the safety of others, in that reckless misconduct requires a conscious choice of a course of action, either with knowledge of the serious danger to other involved in it, or with knowledge of facts which would disclose this danger to any reasonable man.  It also differs from that form of negligence which consists in intentionally doing an act with knowledge that it contains a risk of harm to others, in that for the actor to be reckless, he must recognize that his conduct involves a risk substantially greater in amount than that which is necessary to make his conduct negligent.  In other words, a person's conduct may be deemed reckless only where it involves a very high risk that serious injury may result, such as an easily perceivable danger of death or substantial physical harm.  Restatement of Torts 2d, §500.

## APPORTIONMENT OF DAMAGES

34.    When actions are brought for separate identifiable acts of negligence,

apportionment of damages between the Defendants should take place.  Lasprogata v. Qualls, 263

Pa. Super. 174, 397 A.2d 803 (1979); Corbert v. Weisband, 380 Pa. Super. 292, 551 A.2d 1059

(1988).

**WHITE AND WILLIAMS LLP**

BY:      dz1411
             David R. Zaslow, Esquire
             Attorney For Defendants,
             Abington Memorial Hospital and
             Mark Schnee